HON. SANFORD M. GREEN,
HON. DAVID JOHNSON,
HON. JOSEPH T. COPELAND,
HON. GEORGE MARTIN, } Judges.
HON. SAMUEL T. DOUGLASS,
HON. ABNER PRATT,
HON. CHARLES W. WHIPPLE,

---

WARD et al., plaintiffs in error, vs. WILLSON, defendant in error.

In a complaint for an attachment under the boat and vessel law, (ch. 122, R. S.) before an officer authorized to perform the duties of a Judge of the Supreme Court at Chambers, it is not necessary to aver that at the time of the application the vessel is within the county where the application is made. Otherwise where such application is to a Judge of a Court of Record; in which case the application must be made in the county where the vessel is.

It is not necessary in order to confer jurisdiction upon the officer before whom a complaint under the boat and vessel law is made, to set forth in the complaint that the services, &c., for which the claim is made, were rendered in this State.

In a complaint under the boat and vessel law, a description of the vessel as "a vessel navigating the waters of this State," is equivalent to the averment required by the law, that such vessel is *used* in navigating, &c.

1

Ward *et al.*, plaintiffs in eror, *vs.* Willson, defendant in error.

To a declaration on a bond given under the provisions of the boat and vessel law, there was a plea of general issue and a notice therewith, that defendants would show in mitigation and recoupment of plaintiffs' demand, that he fraudulently conducted himself while rendering the services claimed for, and injured defendant's property. Proof that plaintiff while employed as cook on the boat, willfully destroyed the hose of the boat, is inadmissible to sustain the claim, such matters having no connection with the employment of plantiff. Such proof covering the whole time of plaintiffs' service, is equally inadmissible to show a forfeiture of wages; even if the doctrine of forfeiture prevailed.

Error to Wayne Circuit Court.

A suit was originally brought by defendant in error before a justice of the peace to recover for work and labor performed on the steamboat Ruby. The defendant in error having made a complaint before the Recorder of the city of Detroit, *ex officio* Circuit Court Commissioner, in pursuance of Ch. 122, R. S. 1846, entitled " of proceedings for the collection of demands against ships, boats and vessels," caused the boat to be attached for the claim, and the plaintiffs in error in order to release the boat executed a bond under the provisions of Sec. 13 of the statute. This action is brought on the bond.

On the trial before the justice, the plaintiffs in error pleaded the general issue, and the defendant in error offered in evidence the bond and also the proceedings had before the commissioner; to which the plaintiffs in error objected, for the reason that the complaint does not state:

1. That the services were rendered in the State of Michigan;

2. That the boat, at the time of rendering the service, was used or intended to be used in navigating the waters of said State;

3. That said boat, at the time said complaint was made, was within the county of Wayne.

These objections were overruled, and the bonds and proceedings were read. The defendants below during the trial, asked a witness introduced by them, the question, " Do you know of plaintiff's (the defendant in error) having whilst en-

gaged on said boat wilfully cut and destroyed the hose belonging to said steamboat?" The justice would not allow this question, and judgment was rendered against plaintiffs in error for damages and costs. The cause was removed by certiorari to the Wayne Circuit Court, where the judgment was affirmed. The defendants below bring this writ of error. The errors assigned are set forth in the opinion of the Court.

*Davidson & Holbrook*, for plaintiffs in error.

*D. McGibbon*, for defendant in error.

By the Court, GREEN, P. J.

The first question which presents itself for consideration in this case, is whether the application made by the defendant in error to the Circuit Court Commissioner, for the purpose of obtaining a warrant against the steamboat Ruby, was sufficient to confer jurisdiction upon the officer.

Section 1, of chapter 122, of the Revised Statutes, provides that "every ship, boat, or vessel, used in navigating the waters of this State, shall be subject to a lien thereon.

"1. For all debts contracted by the master, owner, agent, or consignee thereof, on account of supplies furnished for the use of such ship, boat, or vessel: on account of work done, or materials furnished by mechanics, tradesmen or others, in or about the building, repairing, fitting, furnishing or supplying such ship, boat or vessel," &c.

Section 2 authorizes any person having any such claim or demand as is specified in the preceding section, to make application to any officer authorized to perform the duties of a Justice of the Supreme Court at Chambers, or to any Judge of a court of record in the county within which such ship, boat, or vessel shall then be, for a warrant to enforce the lien of such claim or demand, and to collect the amount thereof.

The 3d section provides that "such application shall be in writing, and shall specify the particulars of such demand,

and in whose favor the same accrued, and the amount due the creditor or claimant, over and above all payments and discounts as near as may be, and shall be verified," &c.

The complaint or application in this case was in writing, and contains all the particulars required by the express language of the statute, and is unquestionably sufficient to confer jurisdiction upon the commissioner, unless it was necessary to go beyond the language, and state what the statute has been construed to imply in order to constitute the claim a lien upon the boat, that the contract was made within this State, or the services rendered within it:

The application was as follows:

To J. H. BAGG, Recorder of the city of Detroit, and *ex officio* Circuit Court Commissioner for the county of Wayne.

Samuel Willson complains and says, that " he has a claim against the steamboat Ruby, a vessel navigating the waters of the State of Michigan, amounting to the sum of fifty-eight dollars and one cent, and accrued in favor of the said complainant, the particulars whereof are for services rendered on said vessel as cook thereon, during the fall of 1851, and complainant further saith, the sum of fifty-eight dollars and one cent is justly due the said complainant, over and above all payments and discounts, as he verily believes." This complaint was signed by Willson, and verified by his affidavit on the second day of December, 1851.

The counsel for the plaintiffs in error allege that the complaint was void, and did not give the officer jurisdiction to issue warrant, because:

1. It did not state that the services were rendered within the State of Michigan.

2. It did not state that the boat was used in navigating the waters of this State, and

3. It did not state that such boat was within the county of Wayne, at the time said complaint was made.

In support of the first proposition, the counsel cited 1

Mich. Reports, 469; 16 Ohio R., 91, 178. The case of the Steamboat Champion *vs.* Jantzen, (16 *Ohio R.*, 91,) was a suit brought by Jantzen against the steamboat by name, to recover damages occasioned by an alleged assault and battery committed upon him by the mate of the boat. There was no question of jurisdiction arising upon the complaint or the pleadings in the case. On the trial, the plaintiff below to sustain the issue on his part, offered to prove an assault and battery committed upon him by the mate of the boat, at Hawesville, in the State of Kentucky, and another at Vicksburgh, in the State of Mississippi. This proof was objected to on the part of the defendant below, and was admitted by the court. An exception was taken to the ruling of the court admitting the evidence, and the cause went to the Supreme Court on a bill of exceptions, when it was held that water craft navigating waters entirely beyond the jurisdiction of the State of Ohio, and not bordering thereon when the assault and battery was committed, was not reached by the statute of that State authorizing suits against boats, &c., by name, in certain cases.

The case of Goodsell *vs.* the Brig St. Louis, (16 *Ohio R.*, 178,) was decided upon the proofs. The repairs for which the plaintiff claimed to recover, were made in the city of Detroit, and it was held that he could not maintain an action for such repairs against the vessel by name, under the statute, and that the act of the Legislature of the State of Michigan, entitled "an act to provide for the collection of demands against boats and vessels," which was produced on the trial, gave no such remedy in the courts of Ohio.

In the case of Bidwell *vs.* Whittaker, (1 *Mich. R.*, 469,) no question was made upon the complaint; but it was decided in that case that a claim for work done and materials furnished for the repairing of a boat in the city of Buffalo, at the request of the owner or master, did not constitute a lien upon the boat under the provisions of chapter 122 of the Revised Statutes of this State.

It is a sufficient answer to the second proposition that the complaint did expressly state that the steamboat Ruby was " a vessel navigating the waters of the State of Michigan," which is equivalent to saying that it was " a vessel used in navigating the waters of the State." The purport of the language is the same. It could not be a vessel navigating the waters of this State, unless it was used for that purpose. The complaint was not therefore defective in this respect.

In regard to the third objection to the complaint, that it did not state that such boat was within the county of Wayne at the time the complaint was made, it may be remarked, that the statute does not require that the vessel should then be within the county when the application is made to an officer authorized to perform the duties of a Justice of the Supreme Court at Chambers, but only when it is made to a Judge of a Court of Record.

In the latter case, the application must be made to a Judge within the county in which the boat shall then be, but not so, as in this case, when the application is made to a Circuit Court Commissioner, who is one of the class of officers referred to in the former part of section 2. The language of the statute certainly does not require it, and no good reason is perceived for enlarging it by implication; on the contrary it is very obvious that the remedy of a claimant, under the statute, might in many cases be entirely impracticable, unless the application could be made to some officer out of the county in which the vessel may then be. A person in this city might have a lien upon a steamboat lying at the dock within the corporate limits of the town, and before he could make his complaint the boat might be navigating the waters of a foreign jurisdiction. So in the case of a boat running from Chicago to Toledo, and navigating the waters of this State, but not stopping within any county of this State a sufficient length of time to enable him to make his application for a warrant before such boat would be beyond the limits of the county.

This view of the provisions of section 2 renders it unnecessary to inquire whether, under a different construction of it, the omission to state in the application that the boat was then within the county when it is made, could affect the jurisdiction of the officer.

The second and third propositions of the counsel under their first point, are therefore untenable.

It remains to be determined whether the first proposition is a more substantial one. It will have been observed that the authorities cited in support of it, do not by any means determine the question. They show that for services rendered, and materials furnished, and injuries done beyond the boundaries of this State, no lien attaches to the vessel under our statute, for the reason that the statute laws of this State have not any extra territorial force, but they do not determine the question now under consideration.

It is true that the written application of the claimant, verified by a proper affidavit, is all that the Commissioner has to act upon until a sale of the vessel is made, or the warrant of seizure is discharged by the giving of the bond for that purpose. No further proof is required to be made before the officer to establish the claim, or to show that it is a subsisting lien upon the vessel, but upon the receipt of the application he is to issue his warrant to the Sheriff of the county, commanding him to attach the vessel, &c. Upon the return of such warrant by the Sheriff, the officer is required immediately to cause a notice to be published, stating therein, amongst other things, that such ship, boat or vessel, her tackle, apparel and furniture, will be sold for the payment of the claim against it, unless the owner, consignee, or commander thereof, or some person interested therein, appear and discharge such warrant according to law, within three months from the first publication of such notice. Within the time limited by the notice any person having a lien under the statute upon the property so seized, may deliver to the officer an account

in writing, of his demand accompanied by such affidavit as is prescribed in relation to the first application for a warrant; and such person thereupon becomes entitled to the same benefits, and subject to the same responsibilities, as the claimant at whose instance such warrant originally issued.

At any time before an order of sale made, the owner, consignee, or commander, or any person interested in the vessel, may apply for an order to discharge the warrant, and upon giving the bond required by the 13th section, such warrant is required to be discharged.

The condition of the bond is, that the obligors therein will pay the amount of all such claims as shall have been exhibited, which *shall be established* to have been subsisting liens upon such ship, boat or vessel, pursuant to the provisions of the statute, at the time of exhibiting the same respectively.

On the trial of an issue in a suit upon the bond, the claimant must prove his demand, and must establish it to have been a subsisting lien upon the vessel at the time when it was exhibited; and however full and particular the complaint might be, it would be no evidence on such trial, of any of the facts therein stated. The application is not regarded as establishing any thing, and would no more be competent evidence upon the trial in favor of the plaintiff, than would the affidavit accompanying the writ in a replevin suit be evidence on the trial of an issue upon the merits of the ownership or right of possession of the property by the plaintiff, or the unlawful taking or detention of it by the defendant.

This is the only mode provided by the statute by which the owner or person interested in the vessel seized, can contest the validity of a claimant's demand, or his rights to enforce it as a lien, before a sale of the vessel has taken place. After a sale, however, and at the time appointed by the officer for a distribution of the proceeds of the sale, such officer is to hear the proofs and allegations of the parties, and make distribution among the creditors who shall have exhibited their claims in

conformity to the statute, unless the claims of such creditors, or some of them, shall be contested by the owner, agent, consignee, or master of the vessel, or some other of such creditors ; in which case a trial may be had by the officer, or by a jury if requested by either party, and an appeal may be taken to the Circuit Court if either party shall consider himself aggrieved by the determination of such officer, or the verdict of such jury.

From this examination of the statute, it appears evident that the application which a claimant is required to make in order to obtain a warrant for the seizure of a vessel, is not required to be as technical and formal as a declaration. But it is said that the complaint must, upon the face of it, show a case within the jurisdiction of the officer. This position is undeniable. The rule in regard to jurisdiction, that no presumption is to be made in favor of inferior tribunals, but that their jurisdiction must appear upon the face of their proceedings, has been too often declared, and is too well settled in this Court to require any citation of authorities to support it.. The facts upon which jurisdiction arises, must be either expressly set forth, or stated in such manner as to render them certain by legal intendment. It does not, however, follow that in a proceeding of this kind, it is necessary that the complaint should negative every fact or implication of law arising from facts which might constitute a good defence to the. claim. Nor do I understand such to be the law. It was necessary that the complaint should set forth such a claim as the statute declares shall constitute a lien upon the boat, and that was sufficient to give the officer jurisdiction to issue his warrant· to enforce the lien. If in fact the services for which the party claimed were rendered out of this State, and such claim did not therefore constitute a lien, that was matter of defence, and it was the right of the defendants below to give a bond in discharge of the warrant, and contest the claim in a suit to be brought on the bond; or after a sale, to go before the offi-

2

cer, and allege the fact as an objection to the claim, and have it tried there.

There is another view of this question which I have not yet adverted to. Assuming that it was necessary, as was contended on the argument, that in order to confer jurisdiction upon the commissioner, the complaint should show that the services were rendered within this State, although this fact is not expressly stated, yet it is set forth in such a manner as to render it certain by legal intendments. The complaint was made on the second day of December, 1851, and states that the steamboat Ruby is a vessel navigating the waters of this State, and that the claim accrued for services rendered by the applicant as cook on said boat during the fall of the year 1851. It can hardly be disputed that the fair legal intendment from the facts thus set forth, is that the services were rendered within this State.

Being satisfied that the Commissioner had jurisdiction to proceed upon the application, the result is that the bond given by the plaintiffs in error to obtain a discharge of the warrant, was good and valid, and it becomes unnecessary to determine whether it would have been invalid if the officer had acted without jurisdiction in the case.

The second and last point made by the counsel for the plaintiffs in error, assumes that the Justice before whom this case was originally tried, erred in refusing to admit evidence that the defendant in error, while in their employment as cook on board the steamboat Ruby, willfully cut and destroyed the hose belonging to the said boat, and it was insisted that they had a right to prove, under the general issue by them pleaded, that the plaintiff below, by his willful misconduct in cutting the hose of the boat, has forfeited his wages for the last month of his services, or from the last pay day.

The plea of the defendants below was the general issue, under which they gave notice that they would show " in mitigation and in recoupment of the plaintiffs' demand, that the

plaintiff fraudulently conducted himself while rendering said services, and did injury to the property of the owners of said boat. They also gave notice of a set-off.

It does not appear, from the Justice's return to the Circuit Court, for what purpose the question was put to the witness, nor what ground of objection was stated. If any inference can be drawn from the record, it is that this testimony was offered for the purpose of establishing the defendants right to a recoupment of damages under their notice, no other object being declared.

For that purpose it was inadmissable, the matter proposed to be proved having no connection with the employment or services of the plaintiff below. This was not controverted upon the argument, nor was it claimed that the damages resulting from the alleged injury was the subject of set-off. It was equally inadmissible for the purpose of showing a forfeiture of wages. The question was too broad, covering the whole time of the service, even if the doctrine of forfeiture of wages contended for were conceded, which it is not necessary to decide.

The judgment of the Circuit Court must be affirmed with costs to the defendant in error.