## Augustus P. Tucker and another v. William P. Mowrey.

*Sale on Sunday.*— A contract of sale made on Sunday is void; and the vendor may, fon a subsequent day, tender back the purchase price, and recover his property by replevin if it is not restored on demand.

*Heard April 28th. Decided May 17th.*

Error to Branch Circuit.

The action below was replevin by Mowrey against the plaintiffs in error, for a horse which had been sold by him to one of them on Sunday. The rulings of the Court below sufficiently appear by the opinion.

*T. M. Cooley*, for plaintiffs in error, cited *Adams v. Hamell*, 2 *Doug. Mich.* 73; 15 *N. H.* 577; 12 *Met.* 24; 1 *Hill*, 76; 2 *Sandf.* 318; 19 *Barb.* 581.

*W. A. Moore*, contra, referred to 19 *Vt.* 358; 6 *Bing.* 653; 3 *B. & C.* 232; 10 *Ala.* 556.

CHRISTIANCY J. :

Can the vendor of property sold and delivered on Sunday, by tendering to the vendee the consideration received, recover back the property as if no such sale had been made?

TUCKER v. MOWREY.

The Court below charged the affirmative of this proposition; and if correct, the judgment must be affirmed. The statute (*R. S. of* 1846, *Chap.* 43, *Sec.* 1; *Comp. L.* § 1574) provides that "No person shall keep open his shop, warehouse or workhouse, or shall do any manner of labor, business or work, except work of necessity or charity, on the first day of the week; and every person so offending shall be punished by a fine not exceeding ten dollars for each offense."

It was held in *Adams v. Hamell,* 2 *Doug. Mich.* 73, that this statute rendered void a contract made on Sunday for the exchange of horses, and a note given for the difference.

This decision we fully approve. The statute not only makes it a penal offense, but takes away the legal capacity of the parties to make a contract on that day. And whether the supposed contract has been executed or remains executory, we think the rights of the parties are to be determined in the same manner as if no such contract had ever been made. The contract as such can neither be set up as the basis of an action, nor as a ground of defense. If it be a contract of sale accompanied by payment and delivery, as supposed in the present case, no property passes, and the vendor, by tendering back what he has received, may reclaim the property, and the vendee, on tendering back the property, may recover the money or property given in payment or exchange, as if no pretence of such contract existed.

Whether the action could be sustained without such tender, is a question which does not arise in this case, and we therefore express no opinion upon it. But being utterly void, the contract is incapable of ratification.

Doubtless the subsequent acts and assent of the parties may be such as to create a new contract, but they can not ratify that which is void. And perhaps the acts and conversations of the parties on Sunday, in reference to a

contract, might be shown as explanatory of their subsequent acts and conversation tending to show a new contract.

As a general rule, courts of law have left the parties to an executed illegal contract in the positions in which they have placed themselves, refusing to aid either of them, when equally in fault. But this is a question purely of public policy, and consequently there are exceptions to the rule. Courts should give or refuse their aid as the one or the other course will be most likely to discourage such contracts, and to promote the public welfare. The illegality here in question is of a peculiar kind. The contract is not illegal in respect to the consideration, or the thing done or agreed to be done; these are neither immoral nor forbidden by law. The illegality consists wholly in making the contract on a particular day. This suit is not brought to enforce the contract, but in disaffirmance of it. And we think it much more in accordance with sound public policy to treat the contract as utterly void, and to allow the plaintiff, by tendering back what he has received (or doing what is in his power to place the vendee *in statu quo*), to recover back his property, than to refuse him a remedy, and thereby to affirm the contract as valid. To refuse all remedy in such cases would be to open a wide door to fraud. It would operate, not only as a trap to the ignorant and unwary, but as a direct encouragement to swindling. We do not apply this remark to the parties or the transaction in the present case; for the transaction may have been entirely honest: but we can not fail to see that if all remedy were refused in such cases, a shrewd and dishonest man, knowing his victim could obtain no legal redress, might, by fraudulent representations, or by tempting offers which he could well afford to make, obtain money or property to any extent without consideration or liability to pay.

One object of the statute was to prevent the making of contracts on Sunday; but to refuse to sustain an action

to recover back property sold on Sunday, would be offering a premium to the dishonest to make their contracts on that day.

The rule we have adopted takes away from all parties this temptation. We think, therefore, there was no error in the charge of the Court upon this point: and this disposes of the case. The judgment of the Court below must be affirmed, with costs.

The other Justices concurred.