### Samuel Molby v. John W. Johnson.

*Recoupment.* Only such damages can be recouped as spring out of the contract upon which suit is brought.

*Heard and decided October 17th.*

Error to Hillsdale Circuit.

This was an action of assumpsit, brought to recover the amount due upon a promissory note, dated April 5, 1864.

The defendant gave notice of recoupment.

On the trial, it appeared in evidence that Johnson had sold Molby a quantity of personal property by bill of sale, including horses, dated March 16, 1864, and on the back of which was endorsed, as the balance due Johnson, $139.32. The horses and certain other of the articles having been paid for, Molby paid him $39.32 in money, and gave the note sued upon for the balance.

He testified as follows: "The note was given for a balance due plaintiff. I offered plaintiff a check, but he said

MOLBY *v.* JOHNSON.

he didn't want that. I said, "then I shall have to owe you a little, as I lack about $60, and to make it even I guess I'll put the note for $100." This is the only note I ever gave him — the note was given on settlement — this is the only settlement I ever had with him. I owed him, I think, $139.32. I paid him the $39.32 in cash, and gave him this note for the balance. The $139.32 was for the articles mentioned on the back of the paper in pencil; I had paid him for everything else. The articles, enumerated on the back of the paper and put down in pencil, were not carried out in price, for we did not know the market value of them. The plaintiff was to find out the market value, and I was to pay it. This is the reason I did not pay him for them at the time I paid him for the other things. I think it was on the first of April I paid him all up except this $139."

The counsel for the defendant, to maintain and prove the issue on his part, then asked the witness Molby the following question:

" What was the understanding between you and Johnson at the time you purchased the horses?" And offered to prove by said witness, Samuel Molby, a warranty of said horses by the said plaintiff to the said defendant.

The counsel for said plaintiff objected to the introduction of said evidence, on the ground that the horses had been sold by a written bill of sale, and parol evidence of warranty was not admissible; and because it appeared from the testimony of Molby, defendant, that the said note was given for the balance due on the aforesaid articles, endorsed in pencil on the back of the aforesaid writing, and was not given for said horses, and that said horses constituted no part of the consideration of said note.

The objection was sustained, and the testimony excluded.

Judgment was rendered in favor of the plaintiff.

MOLBY v. JOHNSON.

*C. Hunt*, and *E. H. C. Wilson*, for plaintiff in error.

1. The court refused to permit the witness Molby to answer the question: "What was the understanding (between plaintiff and defendant below) when you purchased the horses."

The object of the question was to show that the horses, and if followed up, the other articles, were not such as plaintiff below represented them to be, thus laying the foundation for a defense by way of recoupment.

The note was given for balance due on a sale of certain articles specified in a memorandum, referred to on page three of printed record. It was perfectly proper for defendant below to show, by way of recoupment, that the articles failed to come up to the standard represented. — *8 Mich. 350.*

2. The paper writing is in no sense a bill of sale, but is a mere memorandum of the articles sold, and to be delivered at a future day, and the price to be paid at a future day. And parol evidence is admissible to show what the actual contract of sale was between the parties. — *24 N Y. 338; 3 Mich. 211; 11 Id. 68; 12 Id. 289.*

The above authorities are cited to show that this court has admitted parol evidence to explain the terms of a *bona fide* bill of sale.

The evidence shows a transaction resting partly in writing and partly in parol. The evidence also shows the first conversation to have taken place on the 5th of April, when some of the articles were written on the back of the memorandum, of the prices agreed upon, showing a transaction partly in writing and partly in parol. — *1 Greenlf. Ev. 397, § 284; 1 Mass. 297; 8 Met. 59.*

*Walker & Kent*, for defendant in error.

The error assigned is the refusal of the court to allow the defendant as a witness to answer the question: "What

was the understanding between you and Johnson when you purchased the horses?"

The question was objectionable in form because it asked for the "understanding" between the parties and not their agreement, or more correctly what was said; and for this reason alone was properly overruled.

Anything relating to the horses could be admissible only on the ground that the purchase of the horses was included in the contract sued on; that the horses had been warranted, and that they had proved inferior to the warranty, and the defendant been damaged thereby.

The defendant was seeking to recoup damages, and only such damages can be recouped as spring out of the contract upon which suit is brought.—*3 Mich. 1.*

The evidence shows that the purchase of the horses was in a prior contract to that sued on.

The horses were paid for April 1st. At that time the contract for the articles, minuted in pencil on the back of the agreement, was not made; for the prices were not fixed, and nothing had been paid down, and no delivery made of any portion of them, so far as appears. Hence, the sale of these articles was made in a new and separate contract.

Again, Molby did not offer to show that the horses purchased were inferior to the warranty.

Lastly, the horses were sold by a written bill of sale containing no warranty, and special evidence of a verbal warranty was inadmissible.—*25 Vt. 577; 8 Ind. 79; 1 Johns 414, 503. 3 Wend. 459.*

The case does not come within the principle of *11 Mich. 68* and *12 Mich. 284.*

COOLEY CH. J.

There was clearly no ground for recoupment in this case. The evidence of the plaintiff in error showed that the horses formed no part of the consideration of the note.

The judgment must be affirmed.

The other Justices concurred.