FANNY WINCHELL *vs.* WILLIAM L. CAREY & another.

Berkshire.   September 8. — 23, 1874.   MORTON & ENDICOTT, JJ., absent.

If goods are sold and delivered to A. and B. on the Lord's day, the sale being induced by the false representations of A. on a previous day, and subsequently, not on the Lord's day, the seller demands the price of A. and he promises to pay it, this amounts to a sale to him, and he is liable for the price.

CONTRACT against William L. Carey and Charles Kingsley. At the trial in the Superior Court, before *Allen*, J., evidence was introduced tending to show that Carey had falsely represented to the plaintiff that he was a partner of Kingsley, that the plaintiff was thereby induced to sell four head of cattle to Carey, that the sale and delivery of the cattle was completed on the Lord's day ; that Carey, after the delivery of the cattle, and not on Sunday, slaughtered the cattle and sold the beef to his own use, and the plaintiff, not on Sunday and after such slaughter and sale, demanded pay for the beef of Carey, and he then promised to pay for it.

The plaintiff asked the court to instruct the jury that if they found that such were the facts the defendant Carey was liable. The court refused to give the instruction requested ; the jury returned a verdict for the defendants, and the plaintiff excepted.

*A. J. Waterman*, for the plaintiff.

*C. W. Van De Mark*, for the defendants.

GRAY, C. J.   If the plaintiff was induced to make the contract of sale of her property by the false representation of Carey on a previous day that he was a partner with Kingsley, her right to avoid the contract would be wholly independent of the question whether the sale and delivery were made on the Lord's day, the property would remain hers, and a subsequent demand by her of payment, and promise of Carey to pay for the property, would amount to a sale from her to him, and support an action against him; and by the Gen. Sts. *c.* 133, § 5, he may be found liable, although Kingsley is not.   Upon such a state of facts, the action would not be in any degree founded upon a contract executed on the Lord's day, or upon any rights growing out of it, or any deceit then practised, nor in any way seek to relieve the plaintiff from the consequences of her own illegal contract; but, treating that contract as never having been her contract at all, by reason of the fraud practised on her upon a previous day, would rest wholly upon her previous right of property and the subsequent lawful sale, and would not therefore be affected by the Lord's day act. *Stebbins* v. *Peck*, 8 Gray, 553. *Hall* v. *Corcoran*, 107 Mass. 251. *Cranson* v. *Goss*, 107 Mass. 439.   The learned judge who presided at the trial having declined to instruct the jury to this effect, the                *Exceptions are sustained.*