FREMONT WINFIELD v. WILFRED C. DODGE.

*Sunday bargains are void and not open to ratification.*

A Sunday horse trade is void and cannot be ratified on week day; and if possession is given the horse can be reclaimed unless a new contract is made with mutual assent.

Error to Jackson.   Submitted Jan. 12.   Decided Jan. 19.

REPLEVIN.   Plaintiff brings error.   Reversed.

*Hewlett Bros.* and *Austin Blair* for plaintiff in error.   A Sunday contract is void and cannot be ratified: *Tucker v. Mowrey* 12 Mich. 378; it does not change title: *Blakeman v. Blakeman* 39 Conn. 320; *Hearst v. Pujol* 44 Cal. 230; *Hardignee v. Mitchum* 51 Ala. 151; *Pitcher v. Hennessey* 48 N. Y. 415; Story's Eq. Jur. 120, 121.

*Thomas A. Wilson* for defendant in error.   A contract of sale or exchange made on Sunday is void, but the parties may, by acts and assent, make a new contract on a week day respecting the same subject matter: *Bradley v. Rea* 103 Mass. 188; 1 Addison on Contracts 428; *Tucker v. Mowrey* 12 Mich. 378; a promise to pay, made in consideration of the retention of the property, is good: *Dodson v. Harris* 10 Ala. 566.

GRAVES, J. The parties traded horses on Sunday. The exchange was even and there was immediate delivery. The plaintiff became dissatisfied and, wishing to trade back, went the next morning to the defendant's place and made several offers of money to induce him to do so, but he refused. After some bantering however the defendant gave the plaintiff five dollars and a tobacco pipe, for the purpose, as explained at the time, of averting ill feeling. The plaintiff then returned home, but wishing, on further consideration, to undo what had been done, he again called on the defendant and peremptorily insisted on trading back, and he offered to restore the money he had received and someting more than the value of the pipe. The defendant refused to listen to any overture.

The plaintiff then brought replevin before a justice and obtained judgment and the defendant appealed. The circuit judge, on the close of the evidence, took the case from the jury and ordered a verdict for the defendant. This ruling went on the theory that the transaction on Monday amounted to a new contract by which the title became established in defendant, and that no room for any other view existed.

We think this was error. The case made by the evidence was not necessarily of the character assumed. The transaction on Sunday passed no title. As a trade it was void, and the evidence of what took place on Monday was not conclusive that there was anything more than an attempt to ratify and validate the Sunday negotiation ; and of course a ratification of that trade was impossible ; unless there was a new contract the plaintiff was entitled to reclaim his horse against the void negotiation. No new contract could be made without a mutual assent of the parties, and unless the plaintiff intended to make one the title was not affected by the occurrences subsequent to the transaction on Sunday, and whether there was such new contract was a question for the jury on the whole evidence under proper instructions.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.