## JOHN BRAZEE v. MASON BRYANT.

*Sunday bargains—Rescission—Set-off and recoupment.*

A sale on Sunday is absolutely void, and a Sunday contract that does not pertain to works of necessity or charity will neither sustain an action nor serve for a defence; if the bargain is made good on a subsequent week-day, it is only by such acts as show that the minds of the parties concurred when they could legally do so ; mere delay on the part of either in demanding back his property or his money will not perfect the bargain.

An action to recover money paid on a Sunday horse-trade cannot be met by the defence that plaintiff had unreasonably delayed to rescind, for there is nothing to rescind where the contract is void ; nor can plaintiff rely on a warranty of the horse and breach thereof, as they are of no legal importance in a Sunday bargain.

Where property changes hands under a Sunday trade the receiver, being merely a bailee, may be liable for misusing it, but the right of action for such misuse cannot be made a defence to his action to recover back the money which he has paid for it ; the damages, being unliquidated, cannot be applied by way of set-off ; and as they do not arise out of any contract on which plaintiff is seeking recovery, they cannot be applied in recoupment.

Error to Lenawee. (Howell, J.) Jan. 17.—Feb. 27.

ASSUMPSIT. Defendant brings error. Affirmed.

*Millard, Weaver & Weaver* and *L. H. Salsbury* for appellant.

*Bean & Underwood* for appellee. The right to recoup damages arises only where they grow out of the same contract on which the other party sues : 2 Pars. Cont. 741; *Ward v. Fellers* 3 Mich. 287; *Baker v. Morehouse* 48 Mich. 334; *Van Epps v. Harrison* 40 Am. Dec. 314 n.; *Pattison v. Richards* 22 Barb. 143.

COOLEY, J. Plaintiff sues to recover one hundred and sixty dollars paid by him to the defendant for a horse. The horse was sold and delivered and the money paid on a Sunday. The plaintiff kept the horse some six or eight weeks, and then returned it, saying it was not what the defendant had recommended it to be, and demanded the return of his money. The defendant refused to repay the money, and this suit was instituted.

On the trial the parties appear to have gone into evidence respecting a warranty of the soundness of the horse, and whether the warranty was broken. The plaintiff claimed that the horse manifested symptoms of disease almost immediately on his taking possession, and that he was unable to cure him by proper remedies. The defendant controverted this evidence, and claimed that the horse was not properly treated or cared for. When the case went to the jury, the defendant submitted the following requests for instructions, all of which were refused :

" 1. This is an action to recover back one hundred and sixty dollars, paid by the plaintiff to the defendant for a horse, on the sole ground that the purchase, being made on Sunday, was void.

2. Although a contract like this, being made on Sunday, is void, it would not follow that a party paying money upon it can under all circumstances recover it back. Both parties being alike at fault in respect to the violation of the law, neither one has any claim to the aid of the courts, and the courts will usually leave the parties in the situation in

which they have placed themselves, except where considerations of public policy, or of preventing fraud, induce them to interfere.

3. The plaintiff cannot recover in this case on the ground of any breach of warranty or false representations of the defendant in respect to the horse. Nothing of that kind is alleged in the plaintiff's declaration, and the defendant is not called on to defend against any such claim, and the same should be left out of the question, not being within the issue which you are called to try.

4. Although the plaintiff might be entitled to recover back the money paid by him for the horse, provided he, within a reasonable time, returned or tendered back the horse, and placed the defendant substantially in the same condition he was in before the trade was made, yet he would not be entitled to recover if the horse, when returned, was of materially less value than when he took him.

5. If the plaintiff, at the time he took the horse from the defendant's premises, knew the horse was ailing, and neglected to give him proper medical treatment, and in consequence the horse suffered injury, and was materially less valuable when he offered him back than when he took him, he is not entitled to recover.

6. If the horse was ailing at the time the plaintiff took him, but might then by proper care and treatment have been soon cured, but by reason of neglect and improper treatment on the part of the plaintiff before he returned him, he became incurable or less likely to recover, and materially less valuable in consequence, the plaintiff cannot recover.

7. If the plaintiff instead of returning the horse promptly, kept him for an unreasonable time, and he in the mean time from any cause, without the fault of the defendant, became materially worse and deteriorated in value, and was so at the time he offered him back, the plaintiff cannot recover."

Thereupon the circuit judge, of his own motion, instructed the said jury, as follows :

" This suit is not brought to recover damages for any breach of warranty, fraud, or deceit in the sale of the horse in question. But it is brought by the plaintiff to recover back one hundred and sixty dollars paid by him to the defendant for the horse on the ground that the purchase or bargain, being made on Sunday, was void.

The law prohibits the transaction of such business or dealings as this on Sunday, consequently Brazee never

acquired any title or ownership to the horse by means of that Sunday transaction, but the horse was then and has always since remained Bryant's property the same as if that Sunday bargain had never been made.

This Sunday transaction left these parties standing towards each other the same as they would if Brazee, wishing to purchase the horse, had deposited the price, $160, with Bryant, who at the same time let Brazee take the horse on trial, to keep and use for such reasonable length of time as he might desire, to see if it was such a horse as he wished to purchase, but reserving to Bryant the right at any time to offer back the money and call for his horse, and reserving the like right to Brazee to return the horse and demand his money whenever he saw fit.

If Bryant delivered this horse to Brazee without any directions as to how it should be treated and used, or as to how long he might keep him, he thereby confided it to Brazee's judgment, prudence and discretion as to how it should be kept, treated, fed and used. And if while Brazee had charge of said horse he did in good faith treat, use and care for it with such skill and care as in his judgment and discretion was necessary, proper and prudent under the circumstances, the defendant cannot complain that it was not properly treated or cared for, and he cannot complain of the length of time Brazee kept the horse, if he returned him within a reasonable time after he found he was not such a horse as he wanted.

If, however, the horse was ailing at the time the plaintiff took him, but might then by proper care and treatment have been soon cured, and if plaintiff knew of such ailment and the nature of it, and that it might be thus cured, but knowingly allowed the horse by neglect and improper treatment on his part to become incurable, and thereby worthless, he cannot recover.

If Bryant, when he let the horse go, knew of any disease or ailment about the horse, and did not disclose it to Brazee, he cannot be heard to complain that Brazee did not discover it earlier, or in time, so that treatment might have saved the horse.

If, while Brazee had possession of the horse, he used, fed, cared for and treated it with such care and skill as in his judgment and discretion he believed to be necessary and proper under the circumstances, and such as a prudent and careful man would of his own horse under like circumstances, and was guilty of no neglect in treating the horse, or of any abuse or ill-use of it, he would not be responsible

for any loss or depreciation in value resulting to the horse from any disease which it had or which it contracted without his fault, and he would be entitled to recover back his money upon demanding it, after returning or offering to return the horse, together with interest from the time of the demand."

The jury under these instructions returned a verdict for the plaintiff.

It will be perceived that a portion of the defendant's requests were embodied by the judge in the instructions given. The portion not embodied in the instructions appear to assume that the plaintiff, by receiving the horse from defendant, assumed in respect thereto certain duties, and that a failure to perform these would deprive him of his right to recover his money, or entitle defendant to a reduction in the amount claimed. This view was rejected by the circuit judge; and whether rightfully is the principal question here.

It was decided in *Tucker v. Mowrey* 12 Mich. 378 that under the statutes of this State a sale of property made on Sunday was absolutely void, and that the contract of sale could neither be set up as a basis of an action nor as a ground of defense. Each party was therefore entitled to demand and recover what he had delivered or paid under the contract. This follows from the absolute prohibition of business and labor on that day, when it is not work of necessity or charity. *Benedict v. Bachelder* 24 Mich. 425; *Allen v. Duffie* 43 Mich. 1. Such a trade might no doubt be made good on a subsequent week-day; but it would require for the purpose such acts of the parties as would show that their minds concurred in a contract at a time when it was legally competent for them to make one. *Winchell v. Carey* 115 Mass. 560. But mere delay on the part of either in taking steps to recover his property would not be sufficient for the purpose. *Winfield v. Dodge* 45 Mich. 355. With the horse and the money respectively in the hands of a party not the owner, a new contract must be made out, as it must have been if there had been no futile attempt to trade whatever.

Possibly there may have been in this case some circumstances to be put to the jury as evidence to show a sale subsequent to the Sunday trade; but the defendant did not go to the jury on any such theory. He treated the case as one of attempted rescission of a contract, and raised the question of unreasonable delay and of improper treatment as barring the right or entitling the defendant to damages. But the judge correctly instructed the jury that there was no contract in the case, and therefore nothing to rescind and nothing to constitute a basis for recoupment. And this instruction rendered wholly immaterial a very large proportion of the evidence and the judge's rulings upon it. The warranty and the breach were of no legal importance whatever.

The proposition that the parties, being equally in the wrong, will be left by the law where they have voluntarily placed themselves, is sufficiently answered in what is said in the case of *Tucker v. Mowrey.* If plaintiff while the horse was in his hands misused it, or failed to observe any duty implied from his assuming the position of bailee, the defendant will be entitled to his appropriate remedy. But no right of action for such misconduct or neglect could be made use of as a defense to an action for money had and received. The damages could not, from their unliquidated nature, be applied by way of set-off; and to recoupment there would be the equally insuperable objection that the damages do not arise out of any contract which the plaintiff is seeking a recovery upon. *Ward v. Willson* 3 Mich. 1; *Molby v. Johnson* 17 Mich. 382.

The judgment must be affirmed with costs.

GRAVES, C. J. and MARSTON, J. concurred.