## PILLEN v. ERICKSON.

SUNDAY CONTRACT—LIMITATION OF ACTIONS—ARREST OF STATUTE.
Defendant, who was indebted to plaintiff, agreed on Sunday to furnish a laborer on Monday to help the plaintiff's son thresh, on plaintiff's account, which he did, and the son paid plaintiff a sum, which the latter placed to defendant's credit. *Held*, that the transaction Monday did not show the elements of a contract without relying on the Sunday transaction, which was illegal and void, and hence was not sufficient to arrest the running of the statute of limitations upon plaintiff's claim.

Error to Muskegon; Russell, J. Submitted October 4, 1900. Decided October 31, 1900.

*Assumpsit* by Lorenzo D. Pillen against Peter Erickson for goods sold and delivered and labor performed. From a judgment for plaintiff, defendant brings error. Reversed.

*Sessions & Sutherland*, for appellant.

*Arthur Jones*, for appellee.

HOOKER, J.    Lorenzo Pillen, the plaintiff, sued in *assumpsit* for four items, amounting to $55.    He recovered for all except the last item of $5, which was for money loaned upon a Sunday, in 1896.    The court did not permit a recovery for that.    The defendant has appealed.

It is conceded that the other items are barred by the statute of limitations, unless saved by an alleged payment of one dollar under the following circumstances, testified to by George Pillen, plaintiff's son:    George Pillen, with the consent of the plaintiff, asked the defendant to furnish him a man to assist in threshing, upon his father's account, which defendant promised to do, and the next day, being Monday, a man in his employ did assist George Pillen, without further arrangement, for which George Pillen paid his father subsequently.    It is claimed that the promise to furnish such labor, being made on Sunday, was void, and that, although it was afterwards furnished, the defendant was not bound to permit its application upon plaintiff's claim.    We think the defendant's contention sustained by the authorities.    There was nothing in the transaction of Monday to authorize George Pillen to pay his father for labor furnished by the defendant.    It is only by relation to the Sunday promise that the defendant can be bound to permit it.    The essential element of this alleged contract is wanting, by reason of the agreement upon which it rests being a Sunday transaction.    The case is ruled by *Aspell* v. *Hosbein*, 98 Mich. 120 (57 N. W. 27), and cases cited; *Tucker* v. *Mowrey*, 12 Mich. 378; *Winfield* v. *Dodge*, 45 Mich. 355 (7 N. W. 906, 40 Am. Rep. 476).

The judgment is reversed, and a new trial ordered.

The other Justices concurred.