### DABITS *v.* HAUSER.

1. AMENDMENTS—APPEAL AND ERROR—PLEADING.

> On appeal from the dismissal of a bill for the specific enforcement of an oral lease because the date of said alleged lease was Sunday, where there was no claim of mistake in the date, and no request for leave to amend, a motion to amend in this court, relying on an agreement of another date, must be denied, and the case disposed of on the record made in the court below.

2. SAME—CHANGING CHARACTER OF CASE.

> While the Supreme Court has frequently allowed amendments to prevent reversals for technical errors, it cannot allow amendments which would so change the character of the case and so alter the record as to render a correct disposition of the case by the trial judge an irregular, improper, incorrect, and reversible proceeding.

3. EVIDENCE—JUDICIAL NOTICE—SUNDAY CONTRACT.

> Courts will take judicial notice of the fact that the date of the making of an alleged contract (August 3, 1919), sought to be enforced, was Sunday.

4. SUNDAY CONTRACT—VOID CONTRACT CANNOT BE RATIFIED BY SUBSEQUENT ACTS.

> A contract made on Sunday is not voidable merely, but is absolutely void, and cannot be ratified or validated by subsequent acts.

5. SAME—EQUITY.

> A court of equity will not enforce a contract made on Sunday.

6. EQUITY—JURISDICTION—DISPOSING OF CASE.

> Where all the parties were before the court and it had jurisdiction of the subject-matter, it was proper for the court to dispose of the entire case and enter a decree on defendants' cross-bill, although plaintiff's bill was dismissed because it sought the enforcement of a void contract.

Appeal from Wayne; Goff (John H.), J.   Submitted

April 8, 1920. (Docket No. 30.) Decided June 7, 1920.

Bill by Milos Dabits against Sam Hauser and others to enforce a lease. Defendants filed a cross-bill to obtain possession of the premises. From a decree for defendants, plaintiff appeals. Affirmed.

*Joseph H. Primeau, Jr.* (*Howard H. Campbell,* of counsel), for plaintiff.

*Thomas L. Dalton* (*Frederick P. Hempel,* of counsel), for defendant Hauser.

*Edward Pokorny,* for other defendants.

FELLOWS, J. It is alleged in the bill filed in this case that on the 3d day of August, 1919, plaintiff and defendant Hauser entered into an oral agreement whereby defendant agreed to enter into a lease for two years from August 1st of certain premises on Clairpointe avenue, Detroit, owned by him, at a monthly rental of $60. Certain acts and expenditures are alleged to have been done and made by plaintiff, claimed by him to be sufficient to take such oral agreement out of the statute of frauds. Defendants Gazivoda and Kosom are vendees of defendant Hauser, having contracted with notice of plaintiff's rights. By way of cross-bill they seek to be put into possession of the premises.

Upon the hearing it developed that August 3, 1919, was Sunday, and the trial judge held that he should take judicial notice of that fact, that such Sunday contract was void and could not be enforced. He apparently gave plaintiff's counsel time to consider the matter and to file a brief but eventually entered a decree dismissing the bill and granting the relief prayed in the cross-bill. No claim was made that there had

been a mistake of date and no request was made for leave to amend the bill setting up any other or different contract or any other or different date. From this decree plaintiff appeals.

There was testimony on the part of the plaintiff that he bought out one Zarkovich who was then running a pool room on the premises on the 29th day of April, and that he then had an oral agreement with defendant Hauser for a two-year lease at $50 per month; that afterwards Mr. Hauser made some improvements on the premises and insisted that the rent should be advanced $10 per month, and that the agreement of August 3d was then made. There is also testimony of some work being done by plaintiff to put the premises in proper condition, and of the expenditure of money for that purpose and for necessary purchases for the business. Defendant Hauser denies any agreement for a lease or any arrangement for occupancy other than from month to month. In this court plaintiff asks to amend his bill by setting up and relying on the claimed agreement of April 29th. There is a decided conflict in the testimony as to whether an oral agreement for a lease was made April 29th. We shall not consider the conflicting claims of the parties on this question. We must dispose of the case as made by the record unless the plaintiff may here amend his bill and set up a different contract than the one relied upon in the court below. In the recent case of *Johnson* v. *County of Muskegon*, 195 Mich. 722, we considered the question of permitting an amendment in this court which would convert a correct result in the trial court into an erroneous proceeding. Speaking of the statute of amendments (3 Comp. Laws 1915, § 12483), we there said:

"This statute has been frequently invoked in this court to prevent mistrials, and on numerous occasions it has been held that, inasmuch as the amendment

might have been made in the court below, this court would make the amendment here on its own motion. * * * But this is done to work an affirmance, not a reversal; to cure an error, not to create one."

And we there held that the statute of amendments should not be invoked by this court to defeat a valid judgment; that we could not by permitting an amendment here create error and then reverse for that error. This court has been most liberal in the application of the statute of amendments and has frequently allowed amendments here to prevent reversals for technical errors. But this court is here exercising appellate jurisdiction and it cannot allow amendments which would so change the character of the case and so alter the record as to render a correct disposition of the case by the trial judge an irregular, improper, incorrect and reversible proceeding. We must dispose of this case upon the bill found in this record.

The trial judge was correct in taking judicial notice that August 3, 1919, was Sunday. *Hoard* v. *Stone,* 58 Mich. 578. There was also testimony given by a witness that the arrangement and agreement, whatever it was, was made on Sunday. The contract sought to be enforced was a Sunday contract. There is no claim that it was actually made on another day or that plaintiff was mistaken as to the date. The contract being a Sunday contract was not voidable merely but was absolutely void; it was not and could not be ratified by the monthly payment of rent at the rate of $60 per month for two or three months. 2 Comp. Laws 1915, § 7764; *Brazee* v. *Bryant,* 50 Mich. 136; *Costello* v. *Ten Eyck,* 86 Mich. 348; *Aspell* v. *Hosbein,* 98 Mich. 117; *Pillen* v. *Erickson,* 125 Mich. 68; *Berston* v. *Gilbert,* 180 Mich. 638. The trial judge correctly held that a court of equity would not enforce a contract made on Sunday.

The parties were all before the court and it had jurisdiction of the subject-matter; under such circumstances it was proper for the court to dispose of the entire case and to enter the decree it did. It is affirmed, with costs of this court.

MOORE, C. J., and STEERE, BROOKE, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.