ROTT v. GOLDMAN.

1. CONTRACTS—SUNDAY CONTRACTS VOID.
   A contract made on Sunday is absolutely void.[1]

2. SAME—VOID CONTRACT CANNOT BE VALIDATED BY LATER PAYMENTS THEREUNDER.
   A contract void because made on Sunday was not validated by the fact that some payments thereon were made later on secular days.[2]

3. SAME—MONEY PAID ON VOID CONTRACT RECOVERABLE.
   The rule in Michigan is that money paid on a contract, void because made on Sunday, is recoverable.[3]

4. SAME—COURT WILL NOT CONSTRUE VOID CONTRACT.
   Where a contract to transmit a sum of money to a bank in a foreign country was void because made on Sunday,

[1]Sunday, 37 Cyc. p. 559; [2]Id., 37 Cyc. p. 559 (Anno); [3]Id., 37 Cyc. p. 567; 15 L. R. A. (N. S.) 243; 25 R. C. L. 1435.

the court will not determine whether the correspondent banks, to which the money was forwarded by defendant, were the agents of plaintiff or defendants, since to so determine would be to construe, and, in a sense, to enforce, a void contract.[4]

5. Same—Money Parted With Under Void Contract May be Recovered Without Placing in Statu Quo.

Since there can be no rescission of a Sunday contract, because, being void, there is nothing to rescind, therefore each party may, by appropriate action, recover whatever of value he has parted with thereunder without tender back—without placing *in statu quo*.[5]

Error to Wayne; Brennan (Vincent M.), J. Submitted June 25, 1926. (Docket No. 16.) Decided October 4, 1926.

Assumpsit by Sam Rott, *alias* Samuel Rotter, against David Goldman and Hirsh Goldman, copartners as Goldman Bros., and Goldman Bros., a corporation, for money paid to defendants to be deposited for plaintiff in a foreign bank. Judgment for plaintiff. Defendants bring error. Affirmed.

*Benjamin, Beckenstein, Wienner & Quay,* for appellants.

*Harold M. Shapero (Samuel Shapero,* of counsel), for appellee.

CLARK, J. Defendants are bankers at Detroit. They were engaged by plaintiff to transmit a deposit of money to the Savings Bank of Petrograd, Russia. To forward the deposit two correspondent banks were employed. Plaintiff received of defendants a memorandum of the engagement, which in form is like that set forth in *Karnov* v. *Goldman,* 229 Mich. 551. It is dated July 15, 1917, conceded to be Sunday. Plaintiff and a companion, who was with him at the time,

---

[4]Contracts, 13 C. J. § 481 (Anno); [5]Sunday, 37 Cyc. p. 567.

testified that the contract was made on Sunday. Defendants' clerk testified that, though dated on Sunday, it was made on the previous Saturday night. The deposit is not traced beyond the correspondent banks. Plaintiff received no bank book or other evidence that his deposit had reached its destination. This suit was brought in May, 1923. The declaration has a count for recovery back of the sums paid as upon a void Sunday contract. It has also the common counts in assumpsit. The plea was the general issue. Under the count for money had and received plaintiff offered testimony that he, unable to read English, had been assured by defendants' clerk, at the time, that the contract contained an undertaking on the part of defendants to make the deposit and to return a bank book within 60 days and in the event of failure so to do to repay to him the deposit, and that the writing had no such undertaking was urged as fraud. Such testimony was objected to as not admissible under the declaration. The objection was argued. Finally it was agreed by counsel that the testimony be received and the ruling postponed to the conclusion of proof. The evidence relative to the claimed fraud was adduced by both sides. Later it was held to be admissible. A special question of the time of making the engagement was submitted to the jury and the special finding was that it was a Sunday contract. Plaintiff had verdict and judgment. Defendants bring error.

The proofs support, strongly and persuasively, the finding of Sunday contract. The contract, made on Sunday, was void, absolutely. Plaintiff did not pay in all of the deposit on the Sunday. Some of it he paid on later secular day or days. But this gave no virtue to the void contract. It did not bring into being that which was not. *Dabits* v. *Hauser*, 210 Mich. 414; *Berston* v. *Gilbert*, 180 Mich. 638; *Aspell* v. *Hosbein*, 98 Mich. 117; *Bollin* v. *Hooper*, 127 Mich. 287.

Although the weight of authority is to the contrary (37 Cyc. p. 567; 25 R. C. L. p. 1435), the rule in this State is that the money paid to defendants on the void contract is recoverable.   *Brazee* v. *Bryant,* 50 Mich. 136.    But defendants say that they do not have the money; that they paid it out (less any charge for the service, the amount not stated in the record) to correspondent bank or banks, selected, admittedly, with due care and discrimination; that such correspondents are agents of plaintiff, not of defendants; and that therefore the deposit, in law, is now held by plaintiff, by his said agent or agents.    Plaintiff replies that under the law of this State the correspondent banks were defendants' agents, citing *Simpson* v. *Waldby,* 63 Mich. 439, and cases there considered.

The question of agency is not necessary to decision. But in any event, to determine it is to construe, and, in a sense, to enforce, the void Sunday contract.    If plaintiff appointed, as contended, agent or agents, he did it by the making of the contract.    But the contract is void, hence there is no appointment, no agency under it.

Defendants argue that before plaintiff may recover he must place them *in statu quo.*    Plaintiff says that there is no contract and hence no rescission and that the rule as to *statu quo* does not apply, that if defendants had any affirmative defense, counterclaim, or demand they might have employed it by notice under the plea, or by cross claim or demand, or by separate suit as the case may be, and that no such defense, counterclaim, or demand has been pleaded or made. Decisions on this question are not in harmony.    The case seemingly supporting defendants' argument is *Ely* v. *Oakland Circuit Judge,* 162 Mich. 466, 478, where there is *dictum* relative to Sunday contracts as follows:

"While no recovery can be had upon the contract,

because *ultra vires* and void under the statute forbidding it, and such contract cannot be made binding by estoppel even, yet applying the equitable rule which this court has applied to Sunday contracts, and void contracts of that nature, the parties should be placed as near as may be *in statu quo.* *Tucker* v. *Mowrey,* 12 Mich. 378; *Winfield* v. *Dodge,* 45 Mich. 355 (40 Am. Rep. 476) ; *Brazee* v. *Bryant,* 50 Mich. 136."

We think the cases cited do not support the statement made.    In the *Tucker Case* the question presented for decision was:

"Can the vendor of property sold and delivered on Sunday, by tendering to the vendee the consideration received, recover back the property as if no such sale had been made?"

The court decided the question, and said also:

"Whether the action could be sustained without such tender, is a question which does not arise in the case, and we, therefore, express no opinion upon it."

The *Winfield Case* is not in point.

In the *Brazee Case,* Mr. Justice COOLEY laid down for this State the correct rule of law as regards the question before us.    We quote at length from the opinion:

"It was decided in *Tucker* v. *Mowrey,* 12 Mich. 378, that under the statutes of this State a sale of property made on Sunday was absolutely void, and that the contract of sale could neither be set up as a basis of an action nor as a ground of defense.    Each party was therefore entitled to demand and recover what he had delivered or paid under the contract.    This follows from the absolute prohibition of business and labor on that day, when it is not work of necessity or charity. *Benedict* v. *Bachelder,* 24 Mich. 425 (9 Am. Rep. 130) ; *Allen* v. *Duffie,* 43 Mich. 1.    Such a trade might no doubt be made good on a subsequent week-day; but it would require for the purpose such acts of the parties as would show that their minds concurred in a contract at a time when it was legally competent for them to make one.    *Winchell* v. *Carey,* 115 Mass. 560 (15 Am. Rep. 151).    But mere delay on the part of either

in taking steps to recover his property would not be sufficient for the purpose. *Winfield* v. *Dodge*, 45 Mich. 355 (40 Am. Rep. 476). With the horse and the money respectively in the hands of a party not the owner, a new contract must be made out, as it must have been if there had been no futile attempt to trade whatever.

"Possibly there may have been in this case some circumstances to be put to the jury as evidence to show a sale subsequent to the Sunday trade; but the defendant did not go to the jury on any such theory. He treated the case as one of attempted rescission of a contract, and raised the question of unreasonable delay and of improper treatment as barring the right or entitling the defendant to damages. But the judge correctly instructed the jury that there was no contract in the case, and therefore nothing to rescind and nothing to constitute a basis for recoupment. And this instruction rendered wholly immaterial a very large proportion of the evidence and the judge's rulings upon it. The warranty and the breach were of no legal importance whatever.

"The proposition that the parties, being equally in the wrong, will be left by the law where they have voluntarily placed themselves, is sufficiently answered in what is said in the case of *Tucker* v. *Mowrey*. If plaintiff while the horse was in his hands misused it, or failed to observe any duty implied from his assuming the position of bailee, the defendant will be entitled to his appropriate remedy. But no right of action for such misconduct or neglect could be made use of as a defense to an action for money had and received. The damages could not, from their unliquidated nature, be applied by way of set-off; and to recoupment there would be the equally insuperable objection that the damages do not arise out of any contract which the plaintiff is seeking recovery upon. *Ward* v. *Willson*, 3 Mich. 1; *Molby* v. *Johnson*, 17 Mich. 382."

See, also, *Dabits* v. *Hauser*, *supra*.

There cannot be rescission of a Sunday contract. It is void. There is nothing to rescind. A bill filed

for cancellation of a Sunday contract was dismissed, necessarily. *Berston* v. *Gilbert, supra.*

When a bill of complaint is filed for rescission of a contract, equity requires restoration of anything paid or received, the placing *in statu quo.* Where one seeks to rescind a contract without the aid of equity, and to recover at law, he must restore or tender back what he has received. The reason for this is "that by his own act he thus may have legal right and title to the money." *Witte* v. *Hobolth,* 224 Mich. 286. But here considerations affecting rescission do not apply. Nor was the plaintiff required to make any tender or restoration (if he had anything to tender or restore) because he did not need to acquire "legal right and title" to the money paid to defendants, for the reason that he had not parted with such right and title.

Where a horse was sold, paid for, and delivered on Sunday, the result was that the horse and the money were "respectively in the hands of a party not the owner." *Brazee Case, supra.* Each might recover his property by appropriate action, and this, there being no contract and no rescission, without tender back, without placing *in statu quo.*

Generally, one having a right of action may sue another without paying or offering to pay a counterclaim or demand, which the other may have. The same rule is applicable here. Plaintiff was not required to make any tender, or to place, or offer to place, defendants *in statu quo* before bringing his suit. If defendants had paid, directly or indirectly, anything to plaintiff, or if they had any counterclaim, demand, or right of action they might have asserted it in an appropriate manner. But they pleaded simply the general issue. So, Sunday contract being found, plaintiff was entitled to his verdict and judgment.

We think no prejudice resulted from admitting evi-

dence of fraud, and that the question itself is now unnecessary to decision.

Other questions presented have been considered. Nothing will be gained by discussing them.     We find no reversible error.

Judgment affirmed.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.