### BRADT v. AMSDEN.

1. CONTRACTS—SUNDAY CONTRACTS VOID—MONEY PAID UNDER VOID CONTRACT RECOVERABLE.

Although contract entered into on Sunday is void, money paid thereunder is recoverable.

2. SAME—COMMON COUNTS—GUARANTY.

Where assignment of mortgage and contract of guaranty were void because made on Sunday, assignee, who foreclosed at assignor's request, obtained title for use and benefit of assignor, and therefore assignee, on tender of deed, is entitled to recover, under common counts, money paid in connection therewith for use and benefit of assignor.

Error to Ionia; Hawley (Royal A.), J. Submitted June 9, 1931. (Docket No. 137, Calendar No. 35,431.) Decided October 5, 1931.

Assumpsit by Arthur E. Bradt against George W. Amsden on a contract of guaranty and under the common counts. Judgment for plaintiff. Defendant brings error. Affirmed.

*Eldred & Gemuend,* for plaintiff.

*Watt & Colwell,* for defendant.

SHARPE, J.   This case was tried before the court
without a jury.  Findings of fact and conclusions of
law were filed, followed by a judgment in favor of
the plaintiff for $4,006.13, of which defendant seeks
review by writ of error.

There is little dispute as to the material facts.
On July 9, 1923, the defendant, then a resident of
Lansing, conveyed certain property in the village of
Lyons, in Ionia county, to George J. Duncan, of
Lansing, and as a part of the purchase price was
given a promissory note secured by a mortgage on
this property for $3,000, payable in three years.  De-
fendant had formerly resided in Lyons, having been
then employed as cashier in a bank near there.

On Sunday, November 18, 1923, the defendant
drove to Lyons and called upon the plaintiff at his
home.  He knew that plaintiff was a man of some
means, and solicited him to purchase the mortgage.
While the property mortgaged had upon it a large
dwelling house, erected at much expense, it required
an outlay for maintenance so great that it was un-
salable at its location.  It was designated by some
of the witnesses as a ''white elephant.''  After some
negotiations, plaintiff consented to purchase the
mortgage, but on condition that defendant would
guarantee its payment.  An assignment was pre-
pared by the defendant and signed by him.  It was
dated November 17th.  Defendant took it to the
home of James H. Ruel, a notary public in the
village, and, not finding him at home, he left it there
with a request in writing that Ruel should notarize
it on his return and deliver it to the plaintiff.  This
Ruel did.  On the same day (Sunday) defendant ex-
ecuted an instrument, also dated the 17th, uncon-
ditionally guaranteeing the payment of the mort-
gage, and delivered it to plaintiff, who at the same

time transferred to defendant certificates of deposit in a local bank to the amount of $3,000.

In August, 1924, Duncan sold the property subject to the mortgage to Peter J. Gardner, of Lansing, who agreed to assume and pay the mortgage at maturity.

Interest on the mortgage was paid to plaintiff by the defendant, who, however, testified that the money therefor was paid to him by Gardner. The first default occurred on January 9, 1926. Plaintiff notified defendant thereof, and received a reply advising him to begin foreclosure proceedings. Soon after, at a conference, the matter was discussed and defendant assured plaintiff that if he would foreclose he would take the property off his hands as soon as his title matured. This plaintiff did by advertisement. While pending, plaintiff received a letter from a party who had recently purchased the property subject to the mortgage, asking for particulars concerning it. Defendant, on being informed of the inquiry, advised plaintiff to discontinue the proceeding, and this was done. Payment of the interest due not having been made by the purchaser, defendant advised plaintiff to again foreclose. Such proceedings were again taken, resulting in a sale of the premises on May 31, 1927, for the amount then due, including the expenses of foreclosure, amounting to $3,478.97, and the issuance of the sheriff's deed to plaintiff therefor. Soon after the period of redemption had expired, plaintiff gave defendant a statement of the amount due for principal, interest, taxes, and expenses of foreclosure, and requested payment. He was assured that it would be paid in a few days. In reply to a letter written by plaintiff on July 9, 1928, defendant wrote him denying liability for the reason that plaintiff had fore-

closed the mortgage by advertisement and thus deprived him of his right to collect "from the makers of the mortgage note or their assigns." Plaintiff thereafter made tender to defendant of an assignment of the note and mortgage and a conveyance of the property, which was rejected. He thereupon began this action, and recovered a judgment as before stated.

Defendant admits that the first foreclosure proceedings were taken with his approval. He denies the truth of some of the above statements of fact, but in our opinion they are established by a preponderance of the evidence.

It is conceded that the contract entered into between the parties on Sunday, November 18, 1923, was void. Under it the defendant received $3,000 of money from the plaintiff. In *Rott* v. *Goldman,* 236 Mich. 261, 264, it was said:

"Although the weight of authority is to the contrary, the rule in this State is that the money paid to defendants on the void contract is recoverable."

Defendant so concedes, but insists that plaintiff, by foreclosing the mortgage and bidding the property in at the sale has estopped himself "from saying that he is not the owner of the mortgaged premises."

The foreclosure proceedings were had and taken at defendant's request. Based as they were upon the void assignment of the mortgage, plaintiff acquired no title in himself to the property described therein. But, as found by the trial court, he "holds the record title to said premises for the use and benefit of defendant who is entitled to a formal conveyance thereof from plaintiff as already tendered."

The expense thereof and the moneys paid by plaintiff for taxes and insurance were properly allowed to plaintiff under the common count in the declaration "for money then and there paid by the plaintiff for the use of the defendant at defendant's request."

The judgment is affirmed.

Butzel, C. J., and Wiest, Clark, McDonald, Potter, North, and Fead, JJ., concurred.