PARKER *against* ROCHESTER and others.

.Admitting that the *Utica Insurance Company*, by their charter, have no power, as a *bank*, to discount notes, &c., and that all notes and securities for the payment of money to them, as a *banking* association, are void by the act; (sess. 36. c. 71. 2 *N. R. L.* 234.) Yet a bond, and a judgment confessed thereon, by the makers of a note, discounted by the company, for the *indemnity* and security of the endorser, being *bona fide*, and without a fraudulent intent to evade the law, are valid: and this Court will not, at the instance of a purchaser at a sheriff's sale, under an execution on a subsequent judgment, against the same defendants, interfere to prevent the surety from obtaining payment, under the prior judgment, from the original debtors; especially when the parties to the notes so discounted, raised no objection, and consented to the judgment, and the execution against them, to obtain the money actually advanced.

BILL for an injunction, filed *July* 17th, 1819, and an *Feb. 25th.* injunction allowed. The defendants put in their answer, denying all equity in the bill. The material facts in the bill and answer, will be found in the opinion delivered by the Court.

*H. Bleecker*, for the defendants, now moved to dissolve the injunction. He cited, 1 *Term Rep.* 153. 3 *Johns. Ch. Rep.* 395. *Vin. Abr.* tit. *Usury*, 308. pl. 7. *Str.* 1043. 2 *Johns. Ch. Rep.* 418. 561. 1 *Evans' Poth. on Oblig.* 283. 20 *Vin. Abr.* tit. *Surety*, (D.) pl. 7. (E.) pl. 1, 2. 2 *P. Wms.* 542. 7 *Johns. Rep.* 102.

*J. C. Spencer*, contra, cited 2 *N. R. L.* 234. 15 *Johns. Rep.* 378. *Str.* 1155. *Doug.* 744. 1 *Ld. Raym.* 87. *Cath.* 356. 3 *Johns. Cas.* 66. 212. 12 *Ves.* 371. 3 *Ves.* 373. 1 *Madd. Tr.* 325. 3 *Johns. Ch. Rep.* 467.

THE CHANCELLOR. This is a motion to dissolve the injunction. The defendant, *Rochester*, was the endorser of certain promissory notes, for the payment of money, given to the *Utica Insurance Company*, and he became such endorser as a surety for the house of *Bond & Hatch*, who were makers or endorsers, and interested in the notes. This was on the 1st of *August*, 1817. To indemnify and save him harmless from that responsibility, *B. & H.* gave him a bond of the same date, conditioned for the payment of 7,000 dollars, with a warrant of attorney to confess judgment thereon. The judgment was confessed, for the better security of the defendant *R.*, and docketted on the 5th of *August*, 1817. The notes so endorsed, were received by the *Utica Insurance Company*, in payment of debts previously due, being in effect the renewal of former notes then due; and the manner in which the renewal was made, was the same as that by which regularly incorporated banks usually discount notes. When the notes so endorsed by the defendant *R.*, fell due, they were protested for non-payment, and actions at law were brought against the drawers and endorsers, and judgments obtained in *January* term, 1819. These judgments are stated to have been justly obtained for moneys loaned by the *Utica Insurance Company* to the drawers and endorsers of the notes, and by them expended in their business. After the judgment against the defendant *R.*, he sued out an execution on the judgment so confessed to him, in *August*, 1817. This was done in pursuance of an express understanding between him and *B. & H.*, that when judgment should be obtained against him upon all, or any of the notes, he had endorsed, he might issue execution, and collect the same under the judgment so confessed for his indemnity. This has been done, and *B. & H.*, who are not parties to this suit, have never complained, and we are to presume, are satisfied with the proceeding. The *Utica Insurance Company* have no control over the judgment obtained by the defendant against

*B. & H.*, or over the execution issued under it; but it is the understanding of all the parties to the judgment, and to the loans, that the moneys, when collected under the execution of the defendant *R.*, are to be paid to the *Utica Insurance Company*, towards the judgment so obtained against the defendant *R.*

The charge now is, that the plaintiff, who is a stranger to all these antecedent proceedings, and has no interest in them, having purchased certain lots of *B. & H.*, in the village of *Rochester*, under a junior judgment, of the 30th of *January*, 1818, against *B. & H.*, the defendant *R.* is now about to seize and sell those lots, under his prior judgment of the 5th of *August*, 1817. And what then ? What equity has the plaintiff to enable him to come forward and interrupt the prosecution of the prior legal right and title of the defendant *R.* ? His ground is, that the notes which were endorsed by the defendant, and given to the *Utica Insurance Company*, were null and void, because, that company were not authorized by their charter to issue bills, discount notes, receive deposits, and carry on other operations as a bank. In *August* term, 1818, the Supreme Court declared, that the company, by such acts, had usurped a franchise, and on an information in the nature of a *quo warranto*, judgment of *ouster* was rendered against them. (*The People* v. *Utica Insurance Company*, 15 *Johns. Rep.* 358.) If the company were not authorized to exercise these banking powers, then the provision of the act, restraining *unincorporated banking associations*, (*Laws*, vol. 2. p. 234. sess. 36. c. 71.) is supposed to apply, which declares, that " all notes and securities for the payment of money, or the delivery of property, made or given to any such association or company, not authorized, &c., shall be null and void."

Without discussing the question, how far a want of power in the *Utica Insurance Company*, to discount notes in the manner they did, might have been a good defence in a suit on the notes, I apprehend that the plaintiff has no right to

PARKER
v.
ROCHESTER.

come here and raise that objection against the judgment confessed upon the bond of indemnity. The parties to the original notes so discounted, were not obliged to raise the objection; and it certainly was not an immoral or unjust act, for the makers and endorsers of those notes to waive the plea of the statute, and consent to judgments against them, to secure the repayment of moneys actually advanced. It is not to be supposed that third persons dealing with a company duly incorporated for certain purposes, and exercising banking powers, under colour of law, and with good credit, could have acted with any fraudulent intent, or with a design to violate the law. There is no ground for any improper imputation, in this case, upon any of the parties to the notes; and if the drawers and endorsers have omitted to plead the statute restraining unincorporated banking companies, there is no good reason why the judgments against them should not be deemed valid and binding. There can be no doubt that the makers and endorsers of the notes, are holden in equity and good conscience, to pay them, for they were given for a fair and valuable consideration. The case is not analagous to that of usury, for there the bargain is corrupt, and made intentionally to evade the law, and to extort unlawful gains; yet it is settled, (*Peterson's* case, *Cro. Eliz.* 104. *Geang* v. *Swaine*, 1 *Lutw.* 464. *Fisher* v. *Banks, Cro. Eliz.* 25.) that if the defendant misplead the statute of usury, he is held by the plea, and if he omit to plead it, he is bound to pay the debt, even though the usury should appear on the face of the bond. If *A.* becomes surety for *B.* in an usurious bond, and takes a counter bond from *B.* for his indemnity, and he is then sued on the usurious bond, and a recovery had against him, he can prosecute on the counter bond, and a plea by *B.* of usury in the original bond, would be bad, on demurrer. The usury act declaring the original bond, contract, or assurance, void, does not reach the counter bond of indemnity. (*Basset* v. *Prowe*, 2 *Leon.*

166. *Robinson* v. *May, Cro. Eliz.* 58S. *Gouldsb. Rep.* 174. S. C. *Button* v. *Downham, Cro. Eliz.* 643. *Moore,* 398. S. C.) If there be an exception to this rule, it is when the surety was *privy* to the usury, and neglected to plead it in bar to an action on the original note or bond; and this is supposed to be the amount of *Potkin's* case, (3 *Leon.* 63.) and the only distinction by which it can be reconciled to the other cases. The defendant *R.* cannot justly be said to have been privy to an illegal contract, so as to bring him within the equity of this exception. It is very probable, that the parties to the notes were not conscious that they were dealing with a company who had no right to discount, in the character of a bank. The construction of the act incorporating the *Utica Insurance Company*, was susceptible of much doubt, and of great difference of opinion, and gave rise to profound legal discussions. There is no colour or ground for imputing any conscious wrong, or any undue neglect to the defendant, in omitting to plead the restraining act, in bar of the suit against him as endorser; and the obligors to the bond of indemnity, would not, themselves, be permitted to set up the act in bar of a suit on that bond. The words of the act do not reach his case, or touch his bond, and if he is damnified by being endorser, as he certainly is, by the recovery against him on the note, he has a just right to sue out execution upon his judgment.

The case is much stronger, when we consider that *B.* and *H.* are not in Court interposing the *restraining act,* in bar of a recovery against them. They have conf:ssed judgment, and consent to the execution. It is the plaintiff, who comes in under them, with knowledge of the prior judgment of the defendant, who raises the objection; and it appears to me, that there is scarcely sufficient equity on the face of his bill, to support the injunction, and the answers put an end to all pretension to it.

It is alleged in the bill, that the defendant is not damnified; but the answer states a judgment against him as endorser;

1820.

PARKER
v.
ROCHESTER.

and if that judgment had not been obtained, he would, nevertheless, have been entitled, as surety, to have asked the aid of this Court to compel *B.* and *H.* to pay the debt and release him. (1 *Vern.* 190. 2 *Johns. Ch. Rep.* 561.) Since he has a judgment fairly obtained, and not questioned by the principal debtor, it is impossible for the Court, upon any just principle of equity, to deprive him of the benefit of his judgment and execution. They are, to him, just and lawful means of indemnity, by which he may coerce payment of the debt out of the property of the original debtors.

. Motion granted.