Adams *v.* Hamell.

### ADAMS *v.* HAMELL.

Contracts made on Sunday are not void at common law.   *Semble.*

Where two persons traded horses on Sunday, and one of them gave the other his promissory note for the difference in value of the horses as agreed upon, *Held,* in violation of R. S. 1838, p. 209, § 1, which prohibits "any manner of labor, business or work" on that day, "except only works of necessity and charity," and that the note was therefore void.

CASE reserved from Oakland Circuit Court.    Assumpsit upon a promissory note made by the defendant, and payable to the plaintiff.   On the trial the defendant proved that the note was given for a balance due him on an exchange of horses with the plaintiff; and that the horses were driven up, examined, tried, the terms agreed upon, the exchange consummated, and the note made and delivered, on Sunday.   The court charged the jury that these facts constituted no defence to the action; and, a

verdict having been found for the plaintiff, the defendant moved for a new trial on the ground that the charge to the jury was erroneous.

*Goodrich & Wisner,* in support of the motion.

*T. J. Drake,* contra.

Felch, J. delivered the opinion of the Court.

Contracts made on Sunday are not void at common law. *Drury* v. *Defontaine,* 1 Taun. 135 ; *Story* v. *Elliot,* 8 Cow. R. 27. But our statute declares that " no person shall keep open his shop, warehouse, or workhouse, or shall do any manner of labor, business, or work, except only works of necessity and charity," &c. " on the first day of the week, and every person so offending, shall be punished by a fine not exceeding ten dollars for each offence." R. S. 1838, p. 209, § 1.*

It is clear that the note on which this action is founded, is void, and courts must refuse their aid to enforce it, if the transaction out of which it arose, and of which it formed a part, was in violation of this statute.

Similar statutes, though generally less broad in their terms of prohibition, have been the subjects of frequent adjudication in England, and in various states of this union.

The statute, 29 Car. 2, ch. 7, § 1, enacts that " no tradesman, artificer, workman, laborer, or other person whatsoever, shall do or exercise any worldly labor, business or work of their ordinary callings, upon the Lord's day." This statute has been construed, in the English courts, not to prohibit labor or business on the Sabbath, except such as is within the *ordinary calling* of the party ; and in the several decisions there had upon it, the question has usually been whether the particular transaction

* Re-enacted by R. S. 1846, p. 191, § 1.

Adams *v.* Hamell.

was within the party's ordinary calling or not; if it was, the courts have refused their aid to carry out the prohibited transaction; if not within his ordinary calling, it is considered no objection that a sale was made, or a contract entered into on that day. *Bloxsome* v. *Williams*, 3 Barn. & Cress. 232; *Fennell* v. *Ridler*, 5 Barn. & Cress. 406; *Smith* v. *Sparrow*, 4 Bing. 84; *King* v. *Inhabitants of Whitnash*, 7 Barn. & Cress. 596; *Sandiman* v. *Breach*, 7 Id. 96.

The statute of Massachusetts enacts that "no person or persons whatsoever, shall keep open his, her, or their shop, warehouse, or workhouse, nor shall, upon land or water, do any manner of labor, business, or work, (works of necessity and charity only excepted,) on the Lord's day, or any part thereof." Under this provision, it was held in *Greer* v. *Putnam*, 10 Mass. R. 313, that the giving of a promissory note on Sunday was not within the terms of the statute.

The New-York statute provides that "no person shall expose to sale any wares, merchandize, fruit, herbs, goods, or chattels, on Sunday, except," &c. In *Boynton* v. *Page*, 13 Wend. R. 425, this was held to prohibit the public exposure of commodities to sale; but to have no reference to private contracts, which were made without producing, or tending to produce a violation of the public order and solemnity of the day.

In Pennsylvania, under a statute prohibiting the doing or performing "any worldly employment or business on the *Lord's day*," a contract made on Sunday, was held to be void. *Morgan* v. *Richards*, 1 Brown's P. R. 172. In this case it seems to have been erroneously declared by the court, that such a contract was void by the common law.

The statute of Connecticut prohibits all secular business from being done on the Lord's day, or any part there-

of; and there it is held that a contract, or promissory note, made on Sunday, is void. *Fox* v. *Abel*, 2 Conn. R. 548; *Wight* v. *Geer*, 1 Root R. 474.

In Alabama, the statute provides that "no worldly business or employment, ordinary or servile work," &c. shall be done on Sunday. In *O'Donnell* v. *Sweeney*, 5 Alab. R. (N. S.) 467, a promissory note given for a horse sold on Sunday, was held void.

The terms of our statute are very comprehensive, and their object evident. The prohibition is not confined to the public sale of goods, or the gross violation of the Sabbath, by keeping open shops or warehouses; nor is it limited to business of any particular profession or avocation. The evident intention was, and such are its terms, to prohibit all *business* on that day, whatever might be its character, except works of necessity and charity; and that, too, whether done openly or in private.

The transaction out of which the contract declared on arose, was a clear violation of the statute. The horses were examined by the parties, were driven up for that purpose, were tried by them, and the trade consummated, and the note for the difference agreed upon on the exchange was given, on the Sabbath. No case could be more clearly a matter of business within the statute; and no business transaction on that day more evidently demoralizing in its tendency and example.

*Ordered certified that the verdict should be set aside and a new trial granted.*