HENRY W. OVERALL v. GASPER BEZEAU.

*Unlicensed Dealing in Liquor—Indefinite Evidence.*

A " dealer" is one who makes successive sales as a business.

A single sale in gross of a stock of liquors, without a license as a wholesale liquor dealer, is not an illegal sale avoiding a note given therefor.

Testimony that allowances were to have been made for deficiencies in the quality or quantity of merchandise, and that there were deficiencies to a certain amount, is too indefinite to establish a defense to a suit for the price; it is only a conclusion of the witness, who should give the facts from which it is drawn.

It is not an error affecting the result to strike out evidence that is too indefinite to be considered.

Error to Mackinac. Submitted Oct. 10. Decided Oct. 30.

ASSUMPSIT. The facts are in the opinion.

*Brown & Cushman* (on brief) for plaintiff in error.

*Geo. W. Bell* (on brief) for defendant in error.

COOLEY, C. J. The action in the court below was upon a promissory note, the consideration of which appears to have been a stock of spirituous liquors. The defendant proposed to show that the sale was illegal and the note consequently void, by showing that the plaintiff had not paid his tax to the State as a wholesale dealer, and was therefore not at liberty to make such a sale. To give the evidence proposed any force, on the defendant's own view of the case, it should first have appeared that the sale was one which only a wholesale dealer could lawfully make. Such was not the case here. Plaintiff owned a quantity of liquors, and he sold them in gross; he had certain property and he sold it in one lot. This did not make him a dealer; a dealer is one who makes successive sales as a business. But this plaintiff by the sale he made was indicating as distinctly as possible his intention not to be a dealer, either by wholesale or retail. The court, we think, committed no error in excluding the showing.

The only other error requiring notice has caused us some embarrassment. It arises upon the testimony of William Preston, a witness for the defendant, who, as the bill of exceptions states, "testified in substance that there was nothing due on the note; that the witness purchased for the defendant from the plaintiff his stock when closing out his (plaintiff's) saloon; that plaintiff told witness the prices and amount in each barrel and offered to show the bills. Witness replied in substance that he did not care to see them, and that it would be unnecessary; that he, witness, would pay a certain amount, between ten hundred and forty and ten hundred and fifty dollars for the stuff. Witness gave plaintiff seven hundred dollars in promissory notes; one payable in January, 1877, of $233, one payable in May, 1877, of like amount, and one payable in September, 1877, between the 5th and 7th; that he paid $200 in money, and

canceled a debt that the plaintiff owed of between $140 and
$160; that the plaintiff made representations to witness as
to the quality and quantity of the liquors and told him if
there was any difference that witness and plaintiff could set-
tle it; that after getting the property home a discrepancy
was found that would amount to about $300. These notes
were made so as not to go out of plaintiff's hands if there
should be any discrepancy as to his representations. Wit-
ness further testified that he did not get value received to
the amount of about $300."

This evidence, on motion of the plaintiff, was stricken
out for indefiniteness and uncertainty. The defendant,
when this motion was heard, does. not appear to have made
any proposition to make the evidence more definite, and the
conclusion is that he proposed to urge upon the court that
by this evidence he had established a defense to the amount
claimed. And this is what he insists upon in this court;
or at least, that the evidence was sufficient if believed, to
justify conclusions in his favor. The evidence, if so it can
be called, went first to the agreement to make allowances
for defects or deficiencies in quality or quantity, and second
to the fact that defects or deficiencies existed. But what were
these? Were any of the liquors not of the quality repre-
sented, and if so, which of them, and what was the nature
and extent of the disparity? Or was there a deficiency in
quantity in some one or more, and if so, in which of them
and to what extent? Or was the witness in his own mind
estimating discrepancies of both descriptions, and calculating
according to some standard he does not attempt to give,
that the liquors fell short some $300 of the representations
made? What inference could the court draw from the evi-
dence in favor of defendant from premises so vague? Cer-
tainly not that the quantity fell short, for the witness does
not so testify. But it is equally impossible to conclude that
the quality was not as promised, for there is no evidence to
that effect. On the whole we are inclined to think the
judge was right in his view that the evidence was too vague
and uncertain to warrant any safe inference; and while we
can see no reason why it should have been stricken out, yet

the party was no more wronged by the judge dealing with it in that manner than he would have been by his disregarding it in making up his judgment. And as the judge was trying the case without a jury, that was what he must have done had the motion not been made. Suppose this. defendant had been plaintiff in a suit to recover the amount here claimed, and his witness had testified as follows: "The defendant to my knowledge, owes the plaintiff three hundred dollars, either for deficiencies in the quantity of goods. bought of him, or for defects in their quality, or for both" —the insufficiency of such evidence as a basis of recovery is: manifest. The witness is undertaking to give conclusions. from facts which he does not disclose; but the court must. have facts and draw its own conclusions.

The judgment must be affirmed with costs.

CAMPBELL and GRAVES, JJ., concurred.

MARSTON, J., did not sit in this case.