EDWARD A. HAUSER v. ROBERT S. BEATY.

*Fraudulent conveyances—Sale—Delivery—Attachment.*

1. A sale by a debtor of attached property, subject to the attachment, in payment of a debt due the vendee, is valid, if made in good faith and with intent that it take immediate effect, as against a subsequent attachment made before the delivery of the property;

[1] 3 How. Stat. § 5040.

citing *People v. Bristol,* 35 Mich. 28; *Jordan v. White,* 38 Id. 253; *Whitfield v. Stiles,* 57 Id. 410; *Root v. Potter,* 59 Id. 498; *Johnson v. Stellwagen,* 67 Id. 10.[1]

2. The fact that the vendee further agreed to surrender certain notes held by him for collection against the vendor, which delivery was not made until after the levy of the second attachment, will not enable the attaching creditor to assert that the sale did not have present effect.

Error to Washtenaw. (Kinne, J.) Argued November 3, 1892. Decided November 18, 1892.

Replevin. Defendant brings error. Affirmed. The facts are stated in the opinion.

*E. B. Norris (Thompson, Harriman & Thompson,* of counsel), for appellant.

*Frank E. Jones,* for plaintiff.

MONTGOMERY, J. The plaintiff brought replevin for a stock of groceries.

On the 15th day of May, 1891, one Gauntlet was the owner of the stock in question, and was largely indebted to various persons. Among the rest was the plaintiff in the sum of $800, and who also had in his hands notes for collection amounting to about $400. On the date referred to certain creditors, referred to in the record as Toledo creditors, brought a suit in attachment against Gauntlet in justice's court, for about the sum of $130, and caused the attachment to be levied upon the goods in question by the defendant, who was acting as a constable. The plaintiff, hearing of this, sought out Gauntlet, and purchased of him the stock in question, subject to the attachment levied at the instance of the Toledo creditors, agreeing to discharge Gauntlet from the indebtedness due to him, and also agreeing to deliver to him the $400 in notes held for

---

[1] See *Warner v. Littlefield,* 89 Mich. 329.

collection. Subsequent to this sale, and on the same day, another creditor of Gauntlet, in whose interest Beaty defends, sued out another attachment, and placed it in Beaty's hands, who indorsed a levy thereon in accordance with the statute. Subsequently the owners of the notes held by plaintiff for collection ratified his acts in making the purchase.

But two questions are presented. It is first contended that the court erred in refusing the request of defendant which reads:

"If you find that, at the time Gauntlet sold the goods in controversy to the plaintiff, he was insolvent, although such sale was made in payment of a prior existing indebtedness, such sale would be void as to attaching creditors making levies before there was an actual delivery of the property and an actual change of possession."

And it is claimed in the same connection that, as the goods were in the custody of the law, no valid sale could be made, unaccompanied by delivery, which would cut off the right of a creditor subsequently attaching and placing his writ in the hands of the officer before actual delivery to the purchaser;[1] and, *secondly*, that the plaintiff, in agreeing to surrender the notes held by him as a collecting agent, exceeded his authority, and that the sale did not take effect until the subsequent ratification of his acts by the owners, which occurred after the rights had become fixed under the second attachment.[2]

1. We think the circuit judge was right in refusing the request above quoted. The request assumes that, even though a sale *in præsenti* was made in the utmost good faith, it could not be made effectual, as against a subsequent attachment, if made in payment of a pre-existing

[1] Counsel cited *Watmough v. Francis*, 7 Penn. St. 206; *Jones v. Judkins*, 4 Dev. & B. (N. C.) 454.

[2] Counsel cited *Foster v. Wiley*, 27 Mich. 244; *Hurley v. Watson*, 68 Id. 531; *Pitkin v. Harris*, 69 Id. 133; *Sturtevant v. Robinson*, 18 Pick. 175; *Baird v. Williams*, 19 Id. 381.

debt, unless accompanied by an actual delivery. The law is not so. The plaintiff, if acting in good faith, had a right to accept in payment of his debt the property of the debtor, and this, even though the effect might be to defeat other creditors in their attempt to enforce collection of their demands. *People v. Bristol*, 35 Mich. 28; *Jordan v. White*, 38 Id. 253; *Whitfield v. Stiles*, 57 Id. 410; *Root v. Potter*, 59 Id. 498; *Johnson v. Stellwagen*, 67 Id. 10.

The lien acquired by one creditor does not inure to the benefit of the other creditors, nor deprive the debtor of the power of alienation. The fact that the sale was not accompanied by an actual and immediate change of possession would have the effect of casting upon the plaintiff the burden of proving the good faith of the transfer. How. Stat. § 6190; *Molitor v. Robinson*, 40 Mich. 200. But no such question is presented in the brief or on the record.

2. The request presented by the defendant on the second point was as follows:

" If you find that, at the time this transfer of property was made from Gauntlet to the plaintiff, the plaintiff had no authority to compromise the debts of third parties which he held, then he had no authority to make the contract he describes, and the sale was not consummated until the acts of the plaintiff were ratified by such third parties."

The testimony tended to show that both Gauntlet and plaintiff intended the bill of sale to have immediate effect, and that Gauntlet was willing to rest upon the plaintiff's promise to deliver the notes held by him for collection. There can be no doubt that it was the intent of both parties that the receipt of the bill of sale should cancel the indebtedness of Gauntlet to the plaintiff; and while the failure to execute his agreement to deliver the notes might have given Gauntlet a choice of remedies, the one to recover damages for the breach of the agreement, and

the other to rescind the contract *in toto,* it does not follow that third persons can assert that the sale did not have present effect. The jury were certainly justified in finding from the facts that the bill of sale was delivered with intent that it should have immediate effect, and upon a twofold consideration: *First,* the cancellation of plaintiff's demand against Gauntlet; and, *second,* the promise on his part to deliver the other notes mentioned. The circuit judge would not, therefore, have been justified in giving the instruction asked.

The judgment is affirmed, with costs.

The other Justices concurred.