John M. Arbuckle et al. v. Albert D. Reaume, Simon Donnelly, and Peter Donnelly.

*Conflict of laws—Note given on Sunday.*

Notes made and delivered in Michigan on Sunday are void under How. Stat. § 2015, although payable in another state.

Error to Monroe. (Kinne, J.) Submitted on briefs February 8, 1893. Decided June 30, 1893.

*Assumpsit.* Defendant Peter Donnelly brings error. Reversed. The facts are stated in the opinion.

*Ira G. Humphrey*, for appellant.

*Landon & Lockwood*, for plaintiffs.

Long, J. This action was brought to recover upon two promissory notes, dated February 4, 1889, and executed and delivered to the plaintiffs' agent in this State, but payable at plaintiffs' office, at Toledo, Ohio. The defendant Peter Donnelly pleaded the general issue, and denied the execution of the notes. The other defendants did not appear, and were defaulted.

It was admitted that, while the notes bore date as of

Monday, they were in fact executed and delivered to the agent of the payees. in this State on Sunday. The court below ruled that, though the notes were executed and delivered in this State on Sunday, yet, the testimony showing that the office of the plaintiffs was in Ohio, and the contract to be performed there, that they were not void, under section 2015, How. Stat., as the laws of Ohio, and and not of Michigan, governed the transaction; and judgment was given in favor of the plaintiffs.

It was not shown upon the trial what the statute laws of the state of Ohio were. The only contention upon this record is whether the question is to be determined by the law of the place where the notes were executed and delivered or by the law of the state where made payable. The notes were given for machinery. The contract of sale was made in this State, and the property delivered here. The notes were taken by the plaintiffs' agent on the delivery of the machinery; the whole transaction being closed on Sunday. How. Stat. § 2015, provides:

"No person shall keep open his shop, warehouse, or workhouse, or shall do any manner of labor, business, or work, or be present at any dancing, or at any public diversion, show, or entertainment, or take part in any sport, game, or play, on the first day of the week. The foregoing provisions shall not apply to works of necessity and charity, nor to the making of mutual promises of marriage, nor to the solemnization of marriages. And every person so offending shall be punished by fine not exceeding ten dollars for each offense."

In *Adams v. Hamell*, 2 Doug. 73, it was held by this Court that a note made on Sunday was void, under the provisions of the statute of 1838, which are similar to the provisions of How. Stat., above quoted.

In *Tucker v. Mowrey*, 12 Mich. 378, this Court, approving *Adams v. Hamell*, said:

"The statute not only makes it a penal offense, but

takes away the legal capacity of the parties to make a contract on that day. And, whether the supposed contract has been executed or remains executory, we think the rights of the parties are to be determined in the same manner as if no such contract had ever been made."

The court below was in error in holding that the notes could be enforced here by reason of being made payable in Ohio. Parties cannot be allowed to defy our laws, and recover upon a contract void from its inception under our statute, by making the place of payment out of the State.

It is an elementary principle that one who has himself participated in a violation of law cannot be permitted to assert in a court of justice any right founded upon or growing out of the illegal transaction. 7 Wait, Act. & Def. p. 114; *Myers v. Meinrath,* 3 Amer. Rep. 371.

The judgment must be reversed, and a new trial ordered.

The other Justices concurred.