JAMES ASPELL V. LOUIS HOSBEIN.

*Sunday contract—Sale—Fraudulent conveyances—Replevin—*
*Demand.* ·

1. A Sunday contract for the sale of goods is a prohibited transaction in Michigan, and a delivery of the goods on the following day, in order to make, a sale, must be accompanied by circumstances which in themselves supply the necessary elements of a contract, without depending upon the Sunday transaction for any essential; citing *Tucker v. Mowrey*, 12 Mich. 378; *Benedict v. Bachelder*,24 Id. 425; *Allen v. Duffie*, 43 Id. 1; *Winfield v. Dodge*, 45 Id. 355; *Arbuckle v. Reaume*, 96 Id. 243; *Winchell v. Carey*, 115 Mass. 560.

2. Where the owner, pursuant to an agreement for the sale of goods made on Sunday, delivers them to the vendee on Monday, and they are subsequently attached at the suit of the vendor's creditors, after which the vendor executes a bill of sale of the goods to the vendee, and the attachment is dismissed soon thereafter because founded upon a void affidavit, and the goods, which are in the possession of the officer, are then re-attached by him at the suit of the same creditors, the vendee can maintain replevin against the officer without demanding the goods, and the bill of sale will not be presumed fraudulent as to creditors under How. Stat. § 6190, because of their non-delivery to the vendee.[1]

---

[1] For cases holding that a demand is necessary before bringing replevin or trover, see:

1. *Brown v. Coon*, 59 Mich. 596, holding that where a bill of sale has been executed as security for existing indebtedness and to secure future advances, and properly filed, replevin will not lie in favor of the owner of the property without demand or payment of the debt.

2. *Sewing Machine Co. v. Bothane*, 70 Mich. 443, holding that replevin will not lie for a sewing-machine in the lawful possession of a vendee under a contract retaining the title in the vendor until paid for, and which has been nearly paid for, without a demand.

3. *Grand Rapids Chair Co. v. Lyon*, 73 Mich. 438, holding that replevin will not lie for property purchased by the defendant with money furnished by the plaintiff under an agreement that he should own it until payed for, without a prior demand, in the absence of an agreement for its delivery at a fixed date.

4. *Pangborn v. Ruemenapp*, 74 Mich. 572, holding that until a vendor who has the election to rescind a sale for fraud and reclaim

Error to Berrien. (O'Hara, J.) Argued November 16, 1893. Decided December 8, 1893.

Replevin. Defendant brings error. Reversed. The facts are stated in the opinion.

*George W. Bridgman,* for appellant.

*G. M. Valentine,* for plaintiff.

HOOKER, C. J. The plaintiff's son, being engaged in a business which he found unprofitable, so told the plaintiff, and agreed to let him have the property in dispute, to apply upon an indebtedness due him for money lent to and paid for the son to the amount of several hundred dollars. This talk occurred upon Sunday, and, in accordance with it, the plaintiff on the next day went to the store, and proceeded to remove the property therein. On Tuesday

---

the property, or to retain the consideration and treat the bargain as subsisting, makes such election, the title remains in the purchaser, and a demand is necessary before bringing replevin.

5. *Bloomingdale v. Chittenden,* 75 Mich. 305, holding that where a married woman included in a bill of sale of property belonging to her husband certain of her own property, under the mistaken idea of thus protecting it from her husband's creditors, which fact was known to the vendee, who paid no consideration for the property, she can recover the same, after demand and refusal, in an action of replevin.

6. *Ellis v. Simpkins,* 81 Mich. 1, holding that, where the defendant came lawfully into the possession of the property, a demand is necessary before bringing replevin therefor.

7. *Clow v. Plummer,* 85 Mich. 550, holding that a demand by one tenant in common of land upon his co-tenant, who has cut and converted the standing timber, for a settlement of the claim of the demandant, is sufficient to enable him to maintain trover for the value of his interest in the timber.

8. *Reeder v. Moore,* 95 Mich. 594, holding that where, in replevin for goods purchased by a husband through false representations, his wife is joined as a defendant, she having a bill of sale of or a mortgage on the goods, she is entitled to a demand therefor before the suit is brought, unless her possession is collusive.

For cases holding that a demand is *not* necessary, see:

1. *Manwaring v. Jenison,* 61 Mich. 122, holding that where a purchaser at an execution sale of real estate has notice of the claim of a mortgagee to the machinery in a mill on the land, under a mortgage given by the owner of the land and machinery prior to the execution creditor obtaining any lien under his execution, no demand is necessary before bringing suit for the value of

the property in question, before it was removed by the plaintiff, was levied upon by defendant, a constable, under an attachment against the son, dated September 29. On October 5 the plaintiff's son executed and delivered to plaintiff a bill of sale of the property. Upon October 9 the justice quashed the attachment proceedings for a defect in the affidavit, when a new writ was issued, and levied upon the property, which remained in the officer's possession. Plaintiff thereupon brought replevin in the circuit court, and obtained a judgment, from which the defendant appeals. In addition to the property in the store, the writ covered a gray mare, a harness, and a wagon.

It is contended by appellant:

1. That the plaintiff took no title under the Sunday arrangement, for the reason that it was void, and that the

the machinery, which such purchaser has converted to his own use.

2. *Denton v. Smith*, 61 Mich. 432, holding that a wife can maintain replevin, without demand, for her cow, of which the defendant has taken possession under a chattel mortgage given by her husband.

3. *Merrill v. Denton*, 73 Mich. 628, holding that replevin lies, without demand, in favor of a mortgagee against an officer who attaches the mortgaged property in defiance of the mortgage, which he claims is void as against the attaching creditor; also *Malachiski v. Stellwagen*, 85 Mich. 41, where the same doctrine is held applicable to an action of trover.

4. *Galvin v. Iron Works*, 81 Mich. 16, holding a demand unnecessary where the acts or statements of a party clearly indicate that he will not deliver the property.

5. *Koch v. Lyon*, 82 Mich. 513, holding that replevin lies for goods fraudulently obtained by a vendee who has made an assignment for the benefit of creditors, without demanding the same of the assignee.

6. *Hopkins v. Bishop*, 91 Mich. 328, holding that replevin lies at the suit of the owner of personal property against an officer who has taken it on execution or attachment against a third person, in whose possession it is found, without prior demand for possession.

7. *Kane v. Hutchisson*, 93 Mich. 488, holding that, where goods not described in a writ of replevin are taken by an officer with knowledge of that fact, no demand is necessary before bringing trover for their value.

8. *Reeder v. Moore*, 95 Mich. 594, holding that replevin will lie, without demand, for goods purchased through the false representations of the vendee as to his financial condition.

See note to *Rosum v. Hodges*, 9 L. R. A. 817, for a general review of the question.

transaction on Monday was a mere voluntary delivery, not rising to the dignity of a contract.

2. That the bill of sale on October 5 was void as against creditors, because not accompanied by delivery of the property.

3. That the defendant came lawfully into possession of the property under his first writ, and that a demand was necessary before replevin could be maintained.

4. That the bill of sale was invalid, being made with the intent to hinder, delay, and defraud creditors.

5. That the court erroneously instructed the jury that the burden of proof was upon the defendant to show fraud.

6. That he refused to instruct that, if the plaintiff was a creditor of the son, he could not recover if the bill of sale was made with the intention of defrauding other creditors.

It is undeniable that the negotiations that occurred upon Sunday were invalid, and passed no title to the plaintiff. Our attention is called to no evidence that shows a sale of the property to the plaintiff before September 29. The evidence shows that without further talk than that of Sunday the plaintiff proceeded to remove the property, and that his son saw him doing so without objection. It is settled law in Michigan that a Sunday contract is a prohibited transaction, the illegality of which forbids it being made a sale by a mere delivery later. The delivery must be accompanied by circumstances which in themselves supply the necessary elements of a contract, without depending upon the Sunday transaction for any essential. *Tucker v. Mowrey,* 12 Mich. 378; *Winfield v. Dodge,* 45 Id. 355; *Benedict v. Bachelder,* 24 Id. 425; *Allen v. Duffie,* 43 Id. 1; *Arbuckle v. Reaume,* 96 Id. 243; *Winchell v. Carey,* 115 Mass. 560. It being settled that there is no proof of a sale before September 29, it follows that the court should not have left that question to the jury, as he did, by giving the plaintiff's tenth request.[1]

---

[1] "If James Aspell, however, so bought and had such possession before September 29, 1891, then, even though Thomas Aspell intended in making the sale to cheat and defraud other creditors, that does not afford a defense to the defendant, unless plaintiff

Appellant further complains of the instructions upon the subject of fraud, claiming that under How. Stat. § 6190, the plaintiff had the burden of proof upon him, and was required to show that the bill of sale was made and received in good faith.[1] It should not be overlooked that when this bill of sale was given the goods were not in the possession or under the control of the son. He had permitted the plaintiff to take possession, and the defendant had wrongfully seized the property, and withheld it from the plaintiff. As against the defendant, the plaintiff had the right to the possession at all times prior to October 9, and might have maintained replevin upon the facts then existing. The son had placed the property in the plaintiff's possession, and the bill of sale was apparently designed merely to perfect a title which the Sunday contract failed to convey. We think this is not a case in which it can be held that the transaction of October 5 must be presumed fraudulent because the son did not deliver goods of which he had not actual possession, and which the defendant was preventing him from controlling by his own wrongful act. But the question of actual fraud was in the case, and should have rested upon the character of the transactions subsequent to Sunday, including October 5; and this the charge recognized.

No demand was necessary. The taking and detention under the first writ of attachment were tortious, and while the writ, if good upon its face, might have protected the officer from personal responsibility, he cannot base a right to possession upon it if the writ was founded upon a void affidavit. *Beach v. Botsford*, 1 Doug. 199; *Le Roy v. City Railway*, 18 Mich. 233; *Gidday v. Witherspoon*, 35 Id. 368; *Adams v. Hubbard*, 30 Id. 104.

participated in such intent, and bought the property for that purpose, and not for the purpose of satisfying the amount due to him, plaintiff."

[1] See *Hauser v. Beaty*, 93 Mich. 499.

As already shown, it is possible that the verdict was based upon the transactions previous to September 29, and for this reason the judgment must be reversed, and a new trial ordered.

The other Justices concurred.