JAMES HAVEY v. JOHN PETRIE.

*Contract—Illegal sale—Diseased animals—Rescission—Replevin—Demand.*

While one who has traded a sound horse for a horse affected with the glanders may not, under 3 How. Stat. § 2136*v*, which imposes a penalty for driving an animal affected with a contagious or infectious disease through the country, be required to return the diseased horse before bringing an action of replevin for the sound one, he is under obligation to give notice of the rescission of the contract, tender back any boot money received, and demand possession of the sound horse before bringing said suit.[1]

Error to St. Clair. (Vance, J.) Submitted on briefs January 2, 1894. Decided May 18, 1894.

Replevin. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*A. E. Chadwick* and *E. F. Law,* for appellant.

*Stevens & Merriam,* for defendant.

GRANT, J. Plaintiff and defendant traded horses, defendant paying $10 in exchange. The horse which plaintiff received from defendant was, at the time of the trade, affected with the glanders. Plaintiff called defendant's attention to the fact that the horse had some disease, to which defendant replied that it was only the distemper. The evidence of plaintiff tends strongly to show that defendant knew that the horse had the glanders. Plaintiff, without any demand or notice of rescission or offer to return the horse and the $10, brought this action of replevin. The court directed a verdict for defendant.

---

[1] For cases holding as to when demand is necessary and when not, see *Aspell v. Hosbein,* 98 Mich. 117, and note.

According to plaintiff's evidence, a great fraud was committed upon him by defendant. Upon taking the proper steps to rescind, he was entitled to recover possession of the horse transferred to defendant. The learned counsel for plaintiff admit the well-established rule that he who seeks to rescind a contract on the ground of fraud must restore the other party, as far as he is able, to his former *statu quo;* that is, he must tender back what he has received, and demand back what he has parted with. But they claim that the sale was absolutely void, under 3 How. Stat. § 2136*v.* This statute imposes a penalty for selling, etc., any domestic animal affected with any contagious or infectious disease when the person selling knows it to be so affected. It does not in terms, like the Sunday law, declare such a sale void. We do not think plaintiff placed himself in position to maintain the action. He might not, under this statute, be required to return the diseased horse, because it is made a penal offense to drive him through the country; but he was under obligations to give defendant notice of rescission, to tender back the $10, and demand possession. Defendant might have complied with such a demand, and was entitled to the opportunity to do so before being subjected to the expenses of litigation. Had the amount paid in exchange been $100, upon what principle could plaintiff be entitled to retain the $100 and recover the horse which he had traded? The principle is the same, however, whether the amount paid be large or small. Even in cases of fraud, a party is not entitled to the benefit of both ends of the bargain.

Judgment affirmed.

McGRATH, C. J., and LONG, J., concurred with GRANT, J.

HOOKER, J. *(dissenting).* The only question in the case is whether the court erred in holding that the plaintiff was not entitled to replevy his horse without returning the

sum of $10, which was in part the consideration for his horse. In my opinion, it depends on whether the contract —involving, as it did, the sale of a horse having the glanders, which is made a penal offense—was void, or whether it was merely voidable.     3 How. Stat. § 2136v, prohibits and makes penal the sale of a horse known to have the glanders.     It does not state that the contract of sale would be void, but it needs no argument to show that such sale would be illegal.     Under the Sunday laws, it has been repeatedly held that contracts made upon Sunday are absolutely void.     How. Stat. § 2015.     In the case of *Brazee v. Bryant*, 50 Mich. 140, Mr. Justice COOLEY, speaking for the Court, says:

"It was decided in *Tucker v. Mowrey*, 12 Mich. 378, that, under the statutes of this State, a sale of property made on Sunday was absolutely void, and that the contract of sale could neither be set up as a basis of an action nor as a ground of defense.     Each party was therefore entitled to demand and recover what he had delivered or paid under the contract.     This follows from the absolute prohibition of business and labor on that day when it is not work of necessity or charity." *Benedict v. Bachelder*, 24 Mich. 425; *Allen v. Duffie*, 43 Id. 1; *Winfield v. Dodge*, 45 Id. 355; *Adams v. Hamell*, 2 Doug. 73.     See, also, *Arbuckle v. Reaume*, 96 Mich. 244, and cases cited.

I am unable to distinguish the case at bar from that of a Sunday contract.     Our attention is not called to any statute which declares such contracts void, but the cases cited, treating them as illegal contracts, hold them to be void.     It would seem, then, that, this contract being void, it cannot be made the basis of a defense to an action of replevin where the plaintiff did not participate in the transgression of the law.     See *Cotton v. Thurland*, 5 Term R. 405; *Lacaussade v. White*, 7 Id. 535; *Parker v. Rochester*, 4 Johns. Ch. 332.     Under the Michigan cases cited, the defendant had no right to the horse received by him as against the plaintiff; and while it would have been proper

for the plaintiff to tender the $10 and demand his property, as was done in a similar case under the Sunday contract, it was unnecessary.

I think the judgment of the circuit court should be reversed.

MONTGOMERY, J., took no part in the decision.