INTERNATIONAL TEXTBOOK CO. *v.* OHL.[1]

1. SUNDAY— CONTRACTS—LEGALITY—CONFLICT OF LAWS.

A contract executed and delivered to plaintiff's agent in this State on Sunday cannot be enforced here because defendant's undertaking is illegal; and the contention that the contract was not made until it was accepted by plaintiff in Pennsylvania, and is therefore a Pennsylvania contract, and its legality to be tested by the law of Pennsylvania, is untenable, because the Sunday law is not merely directed against the making of contracts as such, but prohibits and makes illegal the doing of all work except works of necessity and charity.[2]

2. CONTRACTS—LEGALITY—CONFLICT OF LAWS.

The principle that the legality of contracts is to be determined by the law of the place where they are entered into is subordinate to the principle that each State may, within constitutional limits, determine the legality of undertakings within its own borders.

3. ESTOPPEL—ILLEGALITY OF CONTRACT—PREJUDICE.

A person executing an undertaking on Sunday is not estopped to assert that fact by the fact that it bore date as of the preceding day, where the facts were known to plaintiff's agent so that it could not have been misled.

Error to Kent; Perkins, J.   Submitted February 20, 1907.   (Docket No. 83.)   Decided April 30, 1907.   Rehearing denied December 10, 1907.

Assumpsit by the International Textbook Company against Dilvin Ohl on a contract of guaranty.   There was judgment for plaintiff on a verdict directed by the court, and defendant brings error.   Reversed, and no new trial ordered.

---

[1] The opinion filed on the original hearing in this case was withheld from publication pending the rehearing.

[2] As to validity of contract partially made on Sunday, see note to *Jacobson v. Bentzler* (Wis.), 4 L. R. A. (N. S.) 1151.

*Rodgers & Rodgers,* for appellant.

*Claude R. Buchanan* (*Francis A. Stace* and *David C. Harrington,* of counsel), for appellee.

CARPENTER, J.   Plaintiff, a corporation organized under the laws of the State of Pennsylvania, brings this suit to enforce defendant's guaranty upon an alleged written contract entered into between plaintiff and defendant's son, a boy 15 years of age.   By the terms of this written contract, plaintiff agreed to furnish said son "a course of correspondence instruction for $48.80."   Defendant guaranteed said payment.   The suit was instituted in a justice's court against both defendant and his son.   A judgment was there rendered in defendant's favor.   Plaintiff appealed the case to the circuit court, discontinued against the son, and obtained judgment, upon a verdict directed by the court, against the father, the remaining defendant.

We are asked to reverse that judgment for several reasons.   In my view of the case, we need to consider but one of those reasons, viz., that the contract cannot be enforced, because defendant's undertaking was entered into upon Sunday, and is therefore illegal.   The undisputed testimony proves that defendant's son signed said contract, and defendant himself attached his guaranty thereto and delivered the same to plaintiff's agent upon Sunday.   That this was the performance of an act prohibited by our law, and was therefore illegal, is clear and is settled by many decisions of this court.   *Adams* v. *Hamell,* 2 Doug. (Mich.) 73; *Tucker* v. *Mowrey,* 12 Mich. 378; *Winfield* v. *Dodge,* 45 Mich. 355; *Brazee* v. *Bryant,* 50 Mich. 136; *Saginaw, etc., R. Co.* v. *Chappell,* 56 Mich. 190; *Costello* v. *Ten Eyck,* 86 Mich. 348; *Arbuckle* v. *Reaumé,* 96 Mich. 243; *Aspell* v. *Hosbein,* 98 Mich. 117; *Havey* v. *Petrie,* 100 Mich. 190; *Wheeler* v. *Jenison,* 120 Mich. 422; *Pillen* v. *Erickson,* 125 Mich. 68; *Acme Electrical Illustrating & Advertising Co.* v. *Van Derbeck,* 127 Mich. 341.

Plaintiff contends that these decisions and their underlying principle are inapplicable, because the contract was not made until it was accepted by plaintiff in Pennsylvania, and the contract was therefore not a Michigan contract, but a Pennsylvania contract. I think it may be conceded that the great weight of authority holds that a contract is, as a rule, considered as entered into at the place where the acceptance is made (9 Cyc. p. 670), and that the law of that place determines its legality. *John A. Tolman Co.* v. *Reed*, 115 Mich. 71. Those decisions have no application. The Sunday law in question in this case is one not merely directed against the making of contracts as such. It prohibits and makes illegal the doing of all work except works of necessity and charity, and it makes the doing of such prohibited work punishable by a fine. The mere fact that that work finally results in a contract made outside the State does not exempt it from the operation of the law.

The principle relied upon by plaintiff, viz., that the legality of contracts is to be determined by the law of the place where they are entered into, has its limitations. It cannot make valid an act which is illegal by the laws of the State where it took place. It is subordinate to the principle that each State may, within constitutional limits —which are certainly not exceeded by passing laws against Sunday work—determine the legality of undertakings within its own borders. Plaintiff insists that defendant is estopped from asserting that its undertaking was entered into on Sunday, because it bore date as of the preceding Saturday. It is sufficient to say that this did not mislead the plaintiff, for the precise facts were known to its agent, and his knowledge was its knowledge.

Defendant's undertaking was, therefore, illegal, and a verdict should have been directed in his favor.

The judgment should be reversed, and no new trial ordered.

MCALVAY, C. J., and OSTRANDER, HOOKER, and MOORE, JJ., concurred.