## ALEXANDER v. WEISHUHN.

1. CONTRACTS — SALES — VALIDITY — LEGALITY — INTOXICATING LIQUORS.

> The sale of a saloon business, fixtures, merchandise and the seller's license, so as to enable the buyer to continue in business under the license, is void. Act No. 291, Pub. Acts 1909.

2. SAME—REPLEVIN—TITLE.

> Since title did not pass by virtue of the invalid contract, the seller is entitled to replevy the property on default of the purchaser.

Error to Charlevoix; Mayne, J. Submitted June 7, 1911. (Docket No. 15.) Decided July 5, 1911.

Replevin by Charles R. Alexander and Andrew E. Alexander, copartners as Alexander Brothers, against Peter Weishuhn. A judgment for plaintiffs on a verdict directed by the court is reviewed by defendant on writ of error. Affirmed.

*J. J. Tweddle,* for appellant.

*Nicholas & Nicholas,* for appellees.

HOOKER, J. The plaintiffs were retailers of intoxicating liquors, doing business under a license from the State. Act No. 291, Pub. Acts 1909. A sale of the business, with their stock in trade, was made to the defendant; their contract being put in writing, as follows:

### "CONTRACT.

"Memorandum of agreement, made this 19th day of September, A. D. 1908, by and between Charles R. Alexander and Andrew E. Alexander, the parties comprising the copartnership firm of Alexander Bros., of East Jordan, Mich., party of the first part, and Joseph Erler and Peter Weishuhn, copartners, and comprising the firm of Erler & Weishuhn, parties of the second part, witnesseth:

" Said parties, for and in consideration of the sum of one thousand two hundred dollars, to be paid them at the time and in the manner hereinafter provided, hereby agree to sell to said parties of the second part their stock of liquors, consisting of whisky and wines and other liquors of like nature, also all cigars, one cash register, one iron safe, one desk, and all other property belonging to said first parties, jointly, and now in use in their place of business in what is known as the Walsted Building, on Mill street, in the village of East Jordan, Michigan. Payments to be made as follows, to wit: Three hundred dollars upon the execution and delivery of this contract, one hundred dollars September 26, 1908, and two hundred dollars October 26, 1908, and one hundred dollars each month thereafter, on the 26th thereof, until the full sum of twelve hundred dollars has been paid. Title to said described liquors and other described property to be and remain in said first parties until the purchase price is fully paid, and possession of said premises and the property hereinbefore described to be given to said second parties

when this instrument is signed by the parties hereto, and the first payment made to said Alexander Bros.

" And the said Joseph Erler and Peter Weishuhn, the parties of the second part, hereby purchase of said first parties the stock of liquors and other property heretofore described, and hereby promise and agree to pay them for the same the sum of twelve hundred dollars, on the terms and conditions heretofore mentioned, viz.: Three hundred dollars upon the execution and delivery of this contract, one hundred dollars on or before September 26, 1908, two hundred dollars on or before October 26, 1908, and one hundred dollars each month thereafter on the 26th thereof, until the full sum mentioned as the consideration for the transfer of the property before described is fully paid and satisfied.

" It is mutually agreed, and so understood, by and between the parties hereto, that so soon as this agreement is signed by the respective parties, that from the time said second parties take possession of said premises and said stock of liquors, said second parties shall save harmless said first parties from any losses, occasioned through violation of law or otherwise of said second parties, or through the acts or omissions of the agents or employés of said second parties, and that said first parties shall have a lien on said stock of liquors and other property sold said second parties, as well as a lien on all subsequent purchases of liquors made by said second parties, which shall be in the nature of a chattel mortgage, with all the rights of mortgagees of chattel property, which shall continue in full force and effect, any law to the contrary, so long as any balance shall remain due to said first parties, on this contract of purchase, and so long as there remain any undischarged obligations of said second parties which as a matter of right should be paid by them, but which said second parties permit to be in default for the period of thirty days after the same should have been satisfied; and it is expressly agreed by said second parties that said first parties shall have the right, in case of default by said second parties in any of the terms and conditions heretofore mentioned, and which default shall continue for the period of thirty days, to take possession of any of such liquors, cigars, and other property which at such time may be in possession of said second parties, and sell the same either at public or private sale upon ten days' notice to said second parties of the intention of said first parties

to sell, and that any balance that may arise from the sale aforesaid, after paying said first parties what may be due by reason of such default, shall be paid to said second parties, their heirs and assigns.

"It is further agreed, by and between the parties hereto, that all goods purchased by said second parties, subsequent to the execution of this agreement, which are to be used in and sold from the saloon conducted by the said Alexander Bros. in said Walsted Building, shall be purchased by said second parties at their own risk and expense, but shipped in the name of Alexander Bros. to East Jordan, Michigan, but that in no event shall it be construed that this license to ship goods in the names of said first parties is a purchase by them for the use of said second parties; and the right to ship goods purchased by said second party in the name of said first party shall be discontinued on and after May 1, 1909.

"It is further agreed, by and between the parties hereto, that any liquors, cigars, or other property covered by this sale is free and clear from any and all liens of whatsoever name or nature, and that said first parties shall protect said second parties from any loss or damage by reason of any incumbrance being upon either stock or other property contracted to the said second parties.

"Witness our hands the day and year first above written. In duplicate.

"ALEXANDER BROS.,
"By Andrew E. Alexander.
"JOSEPH ERLER,
"PETER WEISHUHN."

Payments aggregating $700 were made by defendant. Demand being made for the next payment falling due, defendant refused to pay, and after waiting 30 days plaintiffs replevied the property; and defendant has appealed from a judgment in plaintiffs' favor.

The defendant's counsel argue for reversal upon the following grounds:

(1) That the contract is against public policy, and therefore void.

(2) The sale of this stock was a sale at wholesale, contrary to the statute; plaintiffs having filed no bond nor taken any license as wholesalers.

(3) The plaintiffs made the sale with the knowledge that

the property sold to defendant was going to be used in an illegal way.

The learned circuit judge held that—

"If the contract is held to be void, title never passed. * * * If this contract were void, neither party could enforce their rights. Neither party would have any rights under it. It would be absolutely void. The goods would remain in the plaintiff. And in either event, gentlemen, it is my duty to instruct you that you must bring in a verdict for the plaintiff."

In this the court did not err, as will appear from the following cases: *Tucker* v. *Mowrey*, 12 Mich. 378; *Benedict* v. *Bachelder*, 24 Mich. 425 (9 Am. Rep. 130); *Winfield* v. *Dodge*, 45 Mich. 355 (7 N. W. 906, 40 Am. Rep. 476). And see *Hyler* v. *Nolan*, 45 Mich. 357 (7 N. W. 910), as to parol proof of consideration. *Brazee* v. *Bryant*, 50 Mich. 136 (15 N. W. 49); *Searles* v. *Reed*, 63 Mich. 485 (29 N. W. 884); *Costello* v. *Ten Eyck*, 86 Mich. 353 (49 N. W. 152, 24 Am. St. Rep. 128); *Arbuckle* v. *Reaume*, 96 Mich. 243 (55 N. W. 808); *Aspell* v. *Hosbein*, 98 Mich. 121 (57 N. W. 27); *Havey* v. *Petrie*, 100 Mich. 192 (59 N. W. 187); *Pillen* v. *Erickson*, 125 Mich. 68 (83 N. W. 1023); *Harris* v. *Chamberlain*, 126 Mich. 283 (85 N. W. 728); *Acme Electrical, etc., Co.* v. *Van Derbeck*, 127 Mich. 341 (86 N. W. 786, 89 Am. St. Rep. 476).

The judgment is affirmed.

OSTRANDER, C. J., and BIRD, MOORE, and McALVAY, JJ., concurred.