### ROTHSCHILD v. SCHNEIDER.

1. INTOXICATING LIQUORS—TRIAL — ILLEGAL CONTRACT — DIRECTING VERDICT.

    In an action upon a promissory note given for the purchase price of a stock of liquors, cigars and other merchandise, it was proper to submit to the jury the defense which plaintiff disputed, that a part of the consideration was for a liquor license issued to and owned by the seller to be held and used by the purchaser in carrying on the business.

2. SAME—EVIDENCE—PRODUCTION OF BOOKS.

    Error was not committed upon the trial in refusing to compel the seller to produce its books for the purpose of showing that the seller was engaged in retailing intoxicating liquors, when no showing was made that the books would tend to prove that defendant was charged with the liquors sold to him at different times, or that they would have any bearing upon the alleged illegal agreement.

3. SAME—SAVING QUESTIONS FOR REVIEW.

    The contention that the sale to defendant of a stock of liquors was invalid because the seller had no license and the sale was not in bulk was not raised on the trial by a motion to direct a verdict for the defendant for the reason that the sale was illegal because the vendor had no license; it appearing that the court submitted to the jury the question whether the right to conduct the business under the license was transferred with the stock of liquors, that the jury found against the contention, and that in submitting the issues the court stated without objection on defendant's part that such was plaintiff's claim.

Error to Wayne; Mandell, J. Submitted November 6, 1911. (Docket No. 47.) Decided December 8, 1911.

Assumpsit in justice's court by the estate of S. Kaufman, Louis Harris, S. Rothschild, Alfred Rothschild, and Moses Schott, copartners doing business as Rothschild & Brother, against Louis Schneider upon a promissory note. From a judgment for plaintiffs defendant appealed to the circuit court. Judgment for plaintiffs. Defendant brings error. Affirmed.

*W. W. Wicker*, for appellant.

*Clark, Lockwood, Bryant & Klein*, for appellees.

MOORE, J. The plaintiffs sued upon a promissory note, and recovered a judgment for the amount thereof. The case is brought here by writ of error.

Two quotations from the record will aid in understanding the questions involved. When the proofs were in, a motion was made as follows:

" *The Court:* Then the sole question of fact to be determined by the jury is whether or not the contract contemplated the carrying out of an illegal business—that is, a business under the license of Jules Meyers, deceased; the plaintiffs averring that the note was given as part of the purchase price of goods that were sold, selling the goods in bulk; and the defendant claiming that, combined with that, there was to be the use of the liquor license. That is the only disputed question of fact in the case.

" *Mr. Van De Mark*: I move that the court direct a verdict for the defendant, for the following reasons: *First.* The undisputed testimony shows that this action is brought upon a note which was given for the sale of intoxicating liquors; the sale being illegal for two reasons: *First.* The vendor had no license, as required by the statute, at the time the sales were made; and, *secondly,* because the vendee—it was within the knowledge of the vendor that the vendee also was conducting a business without a proper license, secured from the county treasurer, under the statute of this State. There is no question of the execution of the note, so far as the signature is concerned."

No other requests were preferred by defendant. The court overruled this motion, and charged the jury in part as follows:

" Gentlemen of the jury: This is an action, brought by Rothschild & Bro., a copartnership, against Louis Schneider. The action is based upon a promissory note. The claim of the plaintiffs amounts to, including interest, $250.48. It is claimed by the plaintiffs that they hold this note by reason of the indorsement of the Waldorf-Astoria Segar Company, the payee of the note. The plaintiffs claim if there was any legal defense to the note they (the holders of the note by indorsement) did not know it; in other words, that they were innocent purchasers without notice of any legal defense. That matter is contested by the defendant, who claims that this note was given as part of a purchase price of a stock of liquors that was the property of the Waldorf-Astoria Segar Company, and that was being sold, from time to time, in the place on Woodward avenue, in the city of Detroit, by its agent, Mr. Jules Meyers. The defendant claims that the plaintiffs in this case (Rothschild & Bro.) knew of the fact surrounding the transaction that he (the defendant) had with the Waldorf-Astoria Segar Company, and the defendant claims that the contract that he (Schneider) had with the Waldorf-Astoria Segar Company was by itself from the terms illegal, and against public policy, and by reason of that the entire contract was illegal and void, and that no recovery could be had on either the note, or any other promise to pay, because of the illegality of the contract. He claims that the contract was this: That he was to buy the stock of goods owned by the Waldorf-Astoria Segar Company, and in addition was to buy the license that Mr. Meyers had, and that Mr. Meyers subsequently died, but that he, under the terms of the contract, had purchased this license, and that the sale by the Waldorf-Astoria Segar Company to him consisted, not only of the stock of goods, but consisted of the license, which could not be sold; and the claim is advanced by the defendant that that made the contract illegal, and recovery could not be had upon the note on that account. I charge and instruct you that a license to sell liquors is a personal license, and is not subject to transfer; it is personal, given by the State to the individual, and cannot be transferred by him or his heirs or administrators, after

his death, and, if that is so, if the defendant has established to your satisfaction, by a preponderance of evidence, that the bargain was as he claimed, there cannot be a recovery in this case. The plaintiff in answer to that, because it is an affirmative defense, claims he was doing business with the Waldorf-Astoria Segar Company, and that he knew of the transaction that that company had with the defendant, and that all that transaction consisted of was the sale in bulk of a stock of liquors, and nothing was bargained concerning the sale of the liquor license, but something had been said; and all he knew about the license was that something had been said about Mr. Schneider in this case getting a transfer of that license; or seeking it, and going on and doing business, but, so far as he knew, nothing was claimed as to the right to do business by Schneider under that license; but he did know that a certain stock of goods—and a bill had been offered in evidence which amounted to more than the amount he claimed, or for which payment was made—was sold by the Waldorf-Astoria Segar Company to the defendant, and accepted by the defendant, and by him subsequently sold, and he got the benefit of that transaction, and that he ought to pay to the plaintiff now the amount of its value, which is in part represented by the note in question. There are the claims of the two parties. I charge you *prima facie* the note is good, and the defendant would be liable under it; but, as he comes in here making an affirmative defense, the burden falls upon him to prove his defense, and he is obliged to establish his case by a fair preponderance of evidence."

The motion of counsel was properly overruled, for the reason that there was a disputed question of fact which could not be decided as a matter of law.

After the motion was overruled, and before the case was submitted to the jury, the following occurred:

"*Mr. Van De Mark:* In view of the statement of the court, I would like to make a further request. In view of the fact that the defendant did not produce the witness that it could have produced (the brother-in-law of Mr. Schneider), who knew all about the transaction, and in view of the fact that the books of the Waldorf-Astoria Segar Company are in the possession of the defendant in this case, and can be got at to show the complete transac-

tion, I ask that we have an opportunity to produce the books, and put on the defendant's witness, Mr. Barker, who knows all about the transactions.

"*The Court:* An exception may be noted to the statement made in the presence of the jury, and I deny it, for the reasons as stated last Friday.

"*Mr. Van De Mark:* We didn't know that Louis Rothschild would be produced as a witness, and that he had the books in his possession.

"*The Court:* You should have known it. That was a matter of considerable importance, and it was tried in the justice's court, and appealed here.

"*Mr. Wicker:* May I ask that the jury be excused, so that I may make a statement?

"*The Court:* No; I am to let the case go to the jury now.

"*Mr. Wicker:* The reason I make the request is that there are other things that might be objectionable, if stated before the jury, which I would like to state.

"*The Court:* I will hear you, if necessary, on a motion for a new trial. I will let the case go to the jury now; I think you have sufficiently stated all the reasons which can be urged on either side of the case. You stated—both sides stated—the case was closed, and you cannot come in at this stage or this hour and offer further proof. The other side would ask a further adjournment.

"*Mr. Wicker:* We want to have the record clear. The first knowledge that the defendant had that the books of the Waldorf-Astoria Segar Company were in the possession of Mr. Rothschild was when he so testified upon the stand last Friday, and a *subpœna duces tecum* could not have been taken out. It also appears by the record that Mr. Schneider testified that the Waldorf-Astoria Segar Company had sold out their business, and the natural inference is that the officers would not be here."

Later a motion was made for a new trial. In overruling this motion, the court filed reasons for so doing, which were in part as follows:

"(2) I do not think any error was committed in not requiring the witness Rothschild to produce the books of account of the Waldorf-Astoria Segar Co., because there is no showing made that if the books were produced they would show that defendant was charged with the various items of liquors at the different dates the liquors were delivered to defendant.

"(3) I do not think any error was committed in refusing to compel the production of such books, because if they did show that the Waldorf-Astoria Segar Co. was engaged in the liquor business, it would have no bearing on the case, the only question involved being as to the agreement made by defendant for the purchase of liquors, and the liquor license card for the company."

We think the record justifies these conclusions.

It is now urged (we quote from the brief):

"The Segar Company not being licensed to engage in the liquor business, it is clear that it could not recover for any liquors so sold by it. *Koppitz-Melchers Brewing Co.* v. *Behm,* 130 Mich. 649 [90 N. W. 676]; *Dierkes* v. *Wideman,* 143 Mich. 181 [106 N. W. 735]; *Benson* v. *Bawden,* 149 Mich. 584 [113 N. W. 20, 13 L. R. A. (N. S.) 721]; *Walhier* v. *Weber,* 142 Mich. 322 [105 N. W. 772]; *Alexander* v. *Weishuhn,* 166 Mich. 532 [131 N. W. 1107].

It was the contention of the plaintiffs that the sale was made in bulk, and justifiable under *Overall* v. *Bezeau,* 37 Mich. 506; *Wildermuth* v. *Cole,* 77 Mich. 484 (43 N. W. 889); *United States* v. *Feigelstock,* 14 Blatchf. (U. S.) 321, Fed. Cas. No. 15,084; *Goodwin* v. *Clark,* 65 Me. 280; *State* v. *Ray,* 109 N. C. 736 (14 S. E. 83, 14 L. R. A. 531). If the attention of the judge had been specifically called to the question of whether the sale was made in bulk or not, he undoubtedly would have submitted any disputed question of fact bearing upon that question to the jury under proper instructions. He undertook to state the theory of the parties. His attention was not called to any oversight, either orally or by a written request to charge. The motion which was overruled did not present the question here raised. The theories of the parties urged in the court below were properly submitted to the jury. We find no reversible error.

Judgment is affirmed.

OSTRANDER, C. J., and STEERE, BROOKE, and STONE, JJ., concurred.