SMITH *v.* BYE.

1. EVIDENCE—SUNDAY CONVERSATIONS.

The fact that a conversation, relied upon by plaintiff in an action of trover to show that defendant had knowledge that a third person, from whom defendant bought the goods, was not authorized to dispose of plaintiff's interest in them, was held upon Sunday, does not render evidence of such conversation inadmissible.

2. SAME—ORDER OF PROOF—DISCRETION OF COURT.

The court, under its authority to direct the order of proof, may refuse to take proposed testimony until other facts material to the case are shown.

Error to Benzie; Aldrich, J. Submitted February 1, 1898. Decided March 1, 1898.

Trover by Henry Smith against Nels Bye. From a judgment for plaintiff, defendant brings error. Affirmed.

*Dodge & Covell,* for appellant.

*M. M. Larmonth,* for appellee.

LONG, J. This action in trover originated in justice's court, was tried before a jury, and resulted in verdict for defendant. The plaintiff appealed, and obtained a judgment in the circuit court for $46.10.

It appears that in December, 1896, the plaintiff and one John Johnson together called on the defendant, who owned and operated a shingle mill at Wallin, in Benzie county, and bargained with him to cut into shingles for them certain pine logs, which they afterwards delivered at defendant's mill. At the same time they talked with the defendant about selling the shingles to him, and also afterwards. In hauling the timber, loading it on the cars, and delivering it at the mill, Smith and Johnson worked to-

gether, and the understanding with defendant was that he was to cut it for both of them. After the shingles were cut, Johnson went to Wallin, and sold them to the defendant, receiving therefor his check in the sum of $76.14, payable to Smith & Johnson. The check was paid by a merchant in Thompsonville, who deducted a merchandise account he had on his books against Smith & Johnson, and the balance was paid to Johnson in cash. Smith received no part thereof. Thereupon Smith brought this action in trover.

The defendant claims that there were such representations and such a holding out on the part of Smith and Johnson in regard to the transaction, that, as to him, constituted them partners; that he was led to believe, and did believe, that said Smith and Johnson owned said timber and shingles in common, and that they were engaged in the business of manufacturing and selling them for their mutual profit; and that he bought and paid for the same in good faith. The testimony on the part of the plaintiff tended to show that he and Johnson got out logs to be cut into shingles, each party getting his out on his own land, but exchanged work in doing so. The logs were shipped to Wallin, to the defendant's mill, to be cut into shingles. After two car loads had been shipped, the parties went to Wallin, saw the defendant, and then had a talk about selling them to him. Plaintiff testified:

" I was dissatisfied with the price offered by Bye, so far as I was concerned, so I told Johnson he could do just as he had a mind to, but, so far as I was concerned, I was not going to let my shingles go. * * * At the time we were up to Bye's the second time, we had the conversation with him on Sunday. I told Johnson he could use his own judgment; * * * but I was dissatisfied with the price, and was going to keep mine. This was in the presence of Bye."

This conversation the defendant asked to have stricken out, for the reason that it was had on Sunday. This was refused. This ruling constitutes the first assignment of error. Counsel cite, in support of their contention, section

2015, 1 How. Stat., and claim that, where valuable and material knowledge is gained in the course of a transaction that is expressly prohibited by statute, no use can be made of such knowledge by either party in the matter in which they are mutually interested. We should hardly treat this matter seriously, were it not that counsel in their brief still insist and urge that the court erred in refusing to strike out this testimony. While contracts of sale made on Sunday are void by reason of the provisions of this statute (*Tucker* v. *Mowrey*, 12 Mich. 378), yet we know of no case or rule of law which holds what is contended for here. The plaintiff was not claiming that any contract of sale was made with the defendant, but, on the contrary, his claim was that he absolutely refused to put his shingles in with Johnson's in any sale made to Bye at the price proposed, and so stated in presence of Bye. While this was stated to Bye on Sunday, he cannot be heard to say, "Yes, that was said by the plaintiff, but it was Sunday, and therefore I could buy all of the shingles from Johnson the same as though plaintiff had not refused to sanction the bargain." He did not buy on Sunday. No sale was made on Sunday, but on Sunday he was told that plaintiff would not sell. This testimony was competent for the purpose for which it was offered. The defendant denied that any such talk was had, but claimed that the shingles purchased were owned by the parties as partners, and that they so held themselves out.

While the defendant was on the stand, he was asked by his counsel: "When was it you settled with Johnson or with these parties for the shingles?" This was objected to, on the ground that any settlement with Johnson, unless in Smith's presence, would not bind Smith. The court held this testimony incompetent at that stage of the proceedings, on the ground that the plaintiff had denied that a partnership existed between himself and Johnson, and that the defendant had not introduced at that time any testimony tending to show such partnership. The court finally remarked:

"I think you had better proceed in the proper order. First introduce some proof that there was some partnership between these parties. I do not think there is any proof to that effect. It is denied by the only person who has testified on that point. The only proof that would tend in that way at all would be the proof that they made a contract for the manufacture."

Counsel now complain of the remarks of the court in sustaining the objection, and contend that the conversations between Smith, Johnson, and Bye, which had already been shown, left the impression on Bye's mind that the timber and shingles were to be handled on their joint and mutual account; that Smith had already testified that it was understood that Bye was to cut the timber for Smith and Johnson, and that it was a joint affair,—a mutual undertaking. We think the court was not in error in his ruling. It appears from the record that up to that time defendant had introduced no testimony tending to show a partnership, and the testimony of the plaintiff had no such tendency. In fact, he had denied that any partnership existed between himself and Johnson in the shingles, and had stated that he told the defendant he would not sell his shingles to him. If this was so, the defendant must have had notice that the parties were not claiming as partners, but each claiming the shingles cut from his own logs. But the court had also the right to direct the order of proof, and it was not error to refuse to take that testimony at that time.

Some question is raised over the refusal of the court to receive in evidence the check which the defendant gave to Johnson in payment for the shingles. The first time the check was offered in evidence the court refused to receive it at that time on the same ground that has been stated in reference to the settlement with Johnson, but before the trial was concluded the check was again offered and received.

Some other questions are raised; but we do not consider it important to discuss them, in view of the fact that the

court submitted the question to the jury to determine whether there was a partnership between the parties, and instructed them that, if they so found, their verdict should be in favor of defendant; and also that the jury should find in favor of the defendant if the plaintiff, either by his own representations, or by his standing by while Johnson made representations that they were partners, led the defendant to believe that they were partners. The charge was a very full and fair one to the defendant, setting forth the claims made by him. The jury found the facts in accordance with plaintiff's claim.

The judgment must be affirmed. '

The other Justices concurred.